**FILED**

JUL 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01338-WDM-BNB

FRED LADD,

        Plaintiff,

    v.

CHEMONICS, INC.,

        Defendant.

Case: 1:07-cv-01360
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 7/26/2007
Description: General Civil

## ORDER GRANTING UNOPPOSED MOTION TO TRANSFER CASE AND TO ENLARGE THE DATE FOR RESPONDING TO COMPLAINT

Having considered Defendant, Chemonics, Inc.'s, Unopposed Motion to Transfer Case and to Enlarge the Date for Responding to Complaint, it is hereby ORDERED, that Defendant's motion is hereby GRANTED. It is further ORDERED that this action shall be transferred to the United States District Court for the District of Columbia and that the date by which Defendant must answer or otherwise respond to Plaintiff's Complaint is extended until ten (10) days after this action is docketed in that Court.

Dated this ____ day of July, 2007.

_____
United States District Judge

I, the undersigned, Clerk of the
United States District Court for the
District of Colorado, do certify that
the foregoing is a true copy of an
original document remaining on file
and record in my office.
WITNESS my hand and SEAL of said
Court this 11th day of July 2007
GREGORY C. LANGHAM
By _____
              Deputy

# CIVIL COVER SHEET

## I. (a) PLAINTIFFS

FRED LADD

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

CHEMONICS, INC.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Case: 1:07-cv-01360
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 7/26/2007
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☒ E. General Civil (Other)   OR   ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

**No Summons Issued**

**G. Habeas Corpus/ 2255**
□ 530 Habeas Corpus-General
□ 510 Motion/Vacate Sentence

**H. Employment Discrimination**
□ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)

*(If pro se, select this deck)*

**I. FOIA/PRIVACY ACT**
□ 895 Freedom of Information Act
□ 890 Other Statutory Actions (if Privacy Act)

*(If pro se, select this deck)*

**J. Student Loan**
□ 152 Recovery of Defaulted Student Loans (excluding veterans)

**K. Labor/ERISA (non-employment)**
□ 710 Fair Labor Standards Act
□ 720 Labor/Mgmt. Relations
□ 730 Labor/Mgmt. Reporting & Disclosure Act
□ 740 Labor Railway Act
□ 790 Other Labor Litigation
□ 791 Empl. Ret. Inc. Security Act

**L. Other Civil Rights (non-employment)**
□ 441 Voting (if not Voting Rights Act)
□ 443 Housing/Accommodations
□ 444 Welfare
□ 440 Other Civil Rights
□ 445 American w/Disabilities-Employment
□ 446 Americans w/Disabilities-Other

**M. Contract**
□ 110 Insurance
□ 120 Marine
□ 130 Miller Act
□ 140 Negotiable Instrument
□ 150 Recovery of Overpayment & Enforcement of Judgment
□ 153 Recovery of Overpayment of Veteran's Benefits
□ 160 Stockholder's Suits
□ 190 Other Contracts
□ 195 Contract Product Liability
□ 196 Franchise

**N. Three-Judge Court**
□ 441 Civil Rights-Voting (if Voting Rights Act)

**V. ORIGIN**
□ 1 Original Proceeding
□ 2 Removed from State Court
□ 3 Remanded from Appellate Court
□ 4 Reinstated or Reopened
● 5 Transferred from another district (specify)
□ Multi district Litigation
□ 7 Appeal to District Judge from Mag. Judge

USDC DO FC DENVCR

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42: 1651 DEFENSE BASE ACT

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS   □ ACTION UNDER F.R.C.P. 23   DEMAND $   Check YES only if demanded in complaint   JURY DEMAND: □ YES   ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   □ YES   □ NO   If yes, please complete related case form.

DATE July 26, 2007   SIGNATURE OF ATTORNEY OF RECORD   NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

NDISPO, TERMED

# U.S. District Court
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:07-cv-01338-WDM-BNB
### Internal Use Only

Ladd v. Chemonics, Inc.
Assigned to: Judge Walker D. Miller
Referred to: Magistrate Judge Boyd N. Boland
Case in other court: El Paso County District Court,
          06CV5092
Cause: 42:1651 Defense Base Act

Date Filed: 06/25/2007
Date Terminated: 07/03/2007
Jury Demand: None
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: Federal Question

**Plaintiff**

**Fred Ladd**

represented by **David L. Kofoed**
Kofoed Law Firm, LLC
6841 South Yosemite Street
#3A
Centennial, CO 80112
303-721-8877
Fax: 303-721-9352
Email: kofoedlawfirm@qwest.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Chemonics, Inc.**
*a corporation*

represented by **William Albert Wright**
Sherman & Howard, L.L.C.-Denver
633 17th Street
#3000
Denver, CO 80202
303-299-8086
Fax: 303-298-0940
Email: wwright@sah.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raymond Myles Deeny**
Sherman & Howard, L.L.C.-Colorado
Springs
90 South Cascade Avenue
#1500
Colorado Springs, CO 80903
719-448-4016
Fax: 719-635-4576

Email: rdeeny@sah.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/25/2007 | 1 | NOTICE OF REMOVAL from El Paso County District Court, Case Number 06CV5092. ( Filing fee $ 350 Receipt Number 2282), filed by Chemonics, Inc. (Attachments: # 1 State Court Pleadings# 2 State Court Pleading - Affidavit of Kevin P. Duffy# 3 Civil Cover Sheet # 4 Supplemental Civil Cover Sheet # 5 Receipt)(gms, ) (Entered: 06/26/2007) |
| 06/25/2007 | 2 | COMPLAINT against Chemonics, Inc., filed by Fred Ladd. (Text only entry - no document attached)(gms, ) (Entered: 06/26/2007) |
| 06/25/2007 | 3 | Waiver and Acceptance of Service of SUMMONS by Fred Ladd. Chemonics, Inc. served on 6/20/2007, answer due 7/10/2007. (Text only entry - no document attached) (gms, ) (Entered: 06/26/2007) |
| 06/25/2007 | 4 | CORPORATE DISCLOSURE STATEMENT by Defendant Chemonics, Inc. (gms, ) (Entered: 06/26/2007) |
| 06/28/2007 | 5 | ORDER REFERRING CASE to Magistrate Judge Boyd N. Boland by Judge Miller. (dln, ) (Entered: 06/28/2007) |
| 07/02/2007 | 6 | NOTICE of Entry of Appearance by Raymond Myles Deeny on behalf of Chemonics, Inc. (Deeny, Raymond) (Entered: 07/02/2007) |
| 07/02/2007 | 7 | Unopposed MOTION to Transfer Case *and to Enlarge the Date for Responding to Complaint* by Defendant Chemonics, Inc.. (Attachments: # 1 Proposed Order (PDF Only))(Deeny, Raymond) (Entered: 07/02/2007) |
| 07/02/2007 | 8 | BRIEF in Support re 7 Unopposed MOTION to Transfer Case *and to Enlarge the Date for Responding to Complaint* filed by Defendant Chemonics, Inc.. (Attachments: # 1 Exhibit # 2 Exhibit)(Deeny, Raymond) (Entered: 07/02/2007) |
| 07/03/2007 | 9 | RESPONSE to Motion re 7 Unopposed MOTION to Transfer Case *and to Enlarge the Date for Responding to Complaint* filed by Plaintiff Fred Ladd. (Kofoed, David) (Entered: 07/03/2007) |
| 07/03/2007 | 10 | ORDER granting 7 Unopposed MOTION to Transfer Case and to Enlarge the Date for Responding to Complaint by Defendant. This action shall be transferred to the United States District Court for the District of Columbia and that date by which Defendant must answer is extended until ten days after action is docketed in the Court. Signed by Judge Walker D. Miller on 7/3/07. (dln, ) (Entered: 07/03/2007) |
| 07/03/2007 |  | (Court only) ***Case Terminated (dln, ) (Entered: 07/03/2007) |

the undersigned, Clerk of the
United States District Court for the
District of Colorado, certify that
the foregoing is a true copy of an
original document remaining on file
and record in my office.
WITNESS my hand and SEAL of said
Court this 11th day of July 2007
GREGORY C. LANGHAM
By: _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

FRED LADD,

        Plaintiff,

v.

CHEMONICS, INC.,

        Defendant.

---

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Chemonics, Inc. ("Chemonics"),[1] hereby

removes this action from the District Court of El Paso County, County, pursuant to 28 U.S.C.

§§1441 and 1446. The grounds for this removal are set forth below.

    1.    Plaintiff Fred Ladd commenced this civil action which is pending in the District

Court for El Paso County, Colorado. The lawsuit is recorded on the docket as Case No. 2006-

CV5092. Copies of all state court pleadings and other papers are attached as Ex. A-1.

    2.    This lawsuit is removable to the United States District Court for the District of

Colorado, under 28 U.S.C. § 1441, on the basis of diversity of citizenship, in that:

        a.    Plaintiff's Complaint alleges that Plaintiff is a resident of El Paso, County,

Colorado.

---

[1] Plaintiff's Complaint does not identify the correct Defendant. Plaintiff was employed by Chemonics International, Inc.

b.    Chemonics is a Delaware corporation.  Its principal place of business is

1717 H Street, NW, Washington, D.C.  20006 (See Affidavit of Kevin P. Duffy, attached as

Exhibit A-2)[2].

c.    Thus, under 28 U.S.C. § 1332, Plaintiff and Defendant are citizens of

different states.

d.    Plaintiff's Complaint alleges a claim for relief based on breach of contract.

Plaintiff alleges that he is entitled to damages "in excess of $9,000 per month from November

2005 through December 31, 2004," or approximately $117,000.  Plaintiff further alleges that he

is entitled to recover $735 per month in insurance premiums for a period of 29 months, or

$21,315.  Plaintiff also seeks damages for emotional and mental distress.  Thus, under 28 U.S.C.

§ 1332, the amount in controversy exceeds $75,000.00.

e.    Accordingly, this action is one over which this Court has jurisdiction

under the provisions of 28 U.S.C. § 1332.  It is properly removable, therefore, under 28 U.S.C. §

1441, on the basis of diversity of citizenship.

3.    This lawsuit is also removable to the United States District Court for the District

of Colorado, under 28 U.S.C. §1441(b), on the basis of federal question jurisdiction, in that:

a.    Plaintiff's Complaint alleges that Chemonics has failed to pay to Ladd

partial disability compensation under the Defense Base Act, 42 U.S.C. §1651 *et seq.* ("DBA").

---

[2] The Complaint alleges that Chemonics is "incorporated under the laws of the District of Columbia" (Complaint
¶2).  This allegation is not correct.  Chemonics is a Delaware Corporation.

2

b.    The DBA is a federal law.  Accordingly, this action is one over which this Court has jurisdiction under the provisions of 28 U.S.C. §1331.  It is properly removable, therefore, under 28 U.S.C. §1441(b) because it arises under the laws of the United States.

c.    Plaintiff's claims for breach of contract and damages for emotional and mental distress are properly within this Court's supplemental jurisdiction under 28 U.S.C. §1367(a).

4.    Defendant first learned of the existence of this action on approximately June 4, 2007 when its counsel accepted service of a copy of Plaintiff's Complaint by hand delivery. Defendant's removal action is taken within 30 days of the date from which it first learned of the existence of the action pending in the District Court for El Paso County.

5.    For the foregoing reasons, this lawsuit is properly removable from the District Court for El Paso County, Colorado to federal court pursuant to 28 U.S.C. §1441.

WHEREFORE, the civil action docketed as Case No. 2006-CV-5092, pending in the District Court for El Paso County, Colorado, should be removed to this Court.

Respectfully submitted this 25th day of June, 2007.

SHERMAN & HOWARD L.L.C.

s/ William A. Wright
William A. Wright, Esq.
633 17th Street, Suite 3000
Denver, CO 80202
Telephone:  303-297-2900
Facsimile:  303-298-0940
E-mail:  wwright@sah.com

3

Raymond M. Deeny, Esq.
SHERMAN & HOWARD L.L.C.
90 S. Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Telephone: 719-475-2440
Facsimile: 719-635-4576
E-mail: rdeeny@sah.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

    I certify that on this 25th day of June, 2007, a true copy of the foregoing document was e-filed with the Clerk of the U.S. District Court with a copy deposited in the U.S. Mail, postage prepaid, addressed to the following:

        David L. Kofoed, Esq.
        The Kofoed Law Firm, LLC
        6841 South Yosemite, Suite 3A
        Englewood, Colorado  80012

s/ Mary Ann Meise

| DISTRICT COURT, COUNTY OF EL PASO STATE OF COLORADO Court Address: 20 E. Vermijo Ave. Colorado Springs, CO 80903 (719) 448-7700 | **EFILED Document** CO El Paso County District Court 4th JD Filing Date: Nov 30 2006 4:06PM MST Filing ID: 13060285 Review Clerk: Sharon Robinson Δ COURT USE ONLY Δ |
|---|---|
| PLAINTIFF(S): FRED LADD, vs. DEFENDANT(S):  CHEMONICS, INC., a corporation | CASE NUMBER: DIVISION: |
| Attorneys for plaintiffs, FRED LADD Name:  David L. Kofoed, #3807 The Kofoed Law Firm, L.L.C. 6841 S. Yosemite, Suite 3A Englewood, CO 80112 (303) 721-8877 | |
| COMPLAINT | |

Plaintiff, Fred Ladd, by and through his attorneys, The Kofoed Law Firm LLC, David L. Kofoed, for a Complaint against the defendant, Chemonics, Inc., a corporation, complains, states and alleges as follows:

### FIRST CLAIM FOR RELIEF

### GENERAL ALLEGATIONS

1.    Plaintiff is and has been at all times relevant hereto a resident of the County of El Paso, State of Colorado.

2.    The defendant Chemonics, Inc. is a corporation incorporated under the laws of the District of Columbia and has its principal office in the District of Columbia.

3.    At all times relevant hereto, the defendant solicited the plaintiff in the County of El Paso to become an employee of Chemonics, Inc. for the purpose of being assigned to a company entitled Research Triangle Institute (RTI) for work on their Governance Project in Iraq.  Defendant contends that the contract for employment under which Mr. Ladd was recruited was sent to him in Colorado and Chemonics, Inc., contends that he signed the contract in Colorado for the said employment although Mr. Ladd contends that his actual final hiring was done in Washington DC at the Office of Chemonics, Inc., which hiring was also subject to the approval of US Aid and RTI.

Plaintiff also contends he was solicited by Chemonics while in Colorado through numerous telephone calls and communications. A copy of the aforesaid Employment Agreement ("Agreement") is attached hereto (Exhibit A) and a copy of the Affidavit of Chemonics is attached hereto (Exhibit B). The said Agreement signature line was signed in Colorado Springs, Colorado, but the initialing by the Chemonics, Inc. principles and Mr. Ladd were subscribed on approximately September 15, 2003 in Washington DC at the Office of Chemonics, Inc.

## FIRST CLAIM FOR RELIEF

4.      On or about September 2003 plaintiff Fred Ladd entered into the Agreement (Exhibit A) with the defendant Chemonics, Inc.

5.      As part and partial of such Agreement, Chemonics, Inc. designated that plaintiff would be assigned as a municipal utility specialist for the Local Governance Program in Iraq conditioned upon the approval of US Aid and RTI; and Chemonics, Inc. further agreed that the base salary for Ladd for the first year's project work would be $131,250.00 per year or at a monthly rate of US $10,937.50 and in addition, that Ladd would receive cash payments and allowances relating to US Aid allowances for overseas employees and other benefits the aggregate amount of which exceeded $13,000.00 a month during the term of his employment and specifically the contract provided that Chemonics, Inc. would not be liable for salary or related costs beyond the date of employment termination.

6.      Mr. Ladd complied with all provisions of the Agreement and was dispatched to Iraq to begin his contract assignment at the offices of RTI and at which place in the course and furtherance of his employment contract he was severely injured in a motor vehicle accident in which he suffered numerous fractures, surgeries and infections from being immersed in the contaminated Tigress Euphrates River.

7.      Since the injuries as aforesaid, which occurred on October 23, 2003, Mr. Ladd has had multiple surgical procedures and has been rendered disabled.

8.      In addition to the Agreement to pay his salary and other contract benefits and allowances, during the course of employment and during the term of his employment, Chemonics, Inc. also agreed to provide insurance covering him for benefits under the Defense Base Act in the event of on-the-job injuries.

9.      Under the terms of the employment and pursuant to the Defense Base Act provisions, Mr. Ladd was paid and continues to be paid the sum of $1,030.78 per week for total disability benefits and under the Defense Base Act, he was also to be paid compensation for partial compensation for loss of earnings, but has never received any additional compensation for loss of earnings.

10.     As aforesaid, plaintiff has never received any additional compensation for loss of earnings presumably because the defendant Chemonics, Inc., had specifically

agreed to pay his salary as well as the collateral benefits provided for and associated with the contract.  However, the defendant has breached the contract with the plaintiff because they have failed since November, 2003 to pay the salary and related benefits to the plaintiff even though plaintiff's employment was not officially terminated until December 8, 2004.  A copy of the official termination letter sent by Chemonics, Inc. to the plaintiff is attached (Exhibit C).

11.    Despite repeated demands upon the defendant to pay the salary and contract benefits as agreed upon, they have failed and refused to do so and as a result, plaintiff has suffered losses of in excess of $9,000.00 a month from November 2003 through December 31, 2004, and

12.    In addition to the above, the defendant also agreed to provide life insurance benefits and agreed to pay for the cost of the premiums to cover COBRA eligibility for as long as Mr. Ladd was disabled up to 29 months from January 1, 2005 which should be paid up through June 1, 2007 at the approximate cost of $735.00 per month, but the defendant failed and refused to pay such premiums and Mr. Ladd has been subjected to the need to pay such premiums in order to retain health insurance coverage for him and his family.

13.    The breaches of contract as aforesaid on the part of the defendant have been deliberate and intentional and have constituted outrageous conduct causing plaintiff to also suffer severe emotional and mental distress as well as financial hardship.

WHEREFORE, the plaintiff prays for judgment in his favor and against the defendant for damages in an amount to be determined to be appropriate by the trier of fact at the time of trial herein, attorneys fees costs incurred herein and whatever other and further relief to this Court seems proper.

Respectfully submitted,

THE KOFOED LAW FIRM LLC
*DULY SIGNED ORIGINAL AT*
*THE KOFOED LAW FIRM, LLC*

By:_____
DAVID L. KOFOED, Esq.
Attorneys for plaintiffs

Address of the plaintiff:
1975 Spring Valley Drive
Colorado Springs, CO 80921

EFILED Document
CO El Paso County District Court 4th JD
Filing Date: Nov 30 2006  4:06PM MST
Filing ID: 13060285
Review Clerk: Sharon Robinson

# EXHIBIT A



## CHEMONICS INTERNATIONAL INC.

## EMPLOYMENT AGREEMENT

This agreement is made this September 5, 2003, between CHEMONICS INTERNATIONAL INC. (hereinafter "Chemonics"), a corporation organized and existing under the laws of District of Columbia, and Fred Ladd, 1975 Spring Valley Drive, Colorado Springs, CO 80921 (hereinafter "employee").

Under Chemonics' contract agreement with the U.S. Agency for International Development ("USAID") for the Iraq Local Governance Project Civic Institution Support Program (Contract No. EDG-C-00-03-00010-00), for the provision of technical assistance and related services to client and government organization, Chemonics wishes to retain the services of the employee, Fred Ladd, to serve under this contract pending approval of the USAID Contracting Officer and RTI.

Chemonics and the employee agree as follows:

I.    **Appointment**

Chemonics hereby appoints the employee as Municipal Utility Specialist for the Local Governance Program in Iraq for the aforementioned contract, to begin work on or about September 16, 2003. This employment is conditional upon clearance of the required medical exam.

II.    **Scope of work and performance of duties**

The employee shall provide technical assistance, direction and insight in program implementation and management to strengthen local and municipal administrations, civic institutions and political processes in Iraq. Activities will respond to a broad range of challenges in sub-national administration, democratic institutions and processes. The employee will participate in the program development and oversight of capacity development activities for local and municipal governments to improve their financial and managerial performance and to assess and improve municipal services and infrastructure. Additionally, the employee may be requested to engage in various tasks as called for by USAID approved work plans. Please refer to the attached summary for additional information on the project. Details of more precise tasks will be articulated at a later date.

_____          _____          _____
Employee                                      Senior Manager                              Senior Vice President

Employment Agreement
Fred Ladd
Page 2

The contract terms of reference for said position are subject to amendment at anytime by Chemonics, RTI and/or USAID. The referenced contract scope of work has been provided to the employee and is always available in Chemonics home and in the field office for review. In accepting this employment, the employee agrees he will not hold Chemonics liable in any way for alterations in the scope or nature of work that may be made by Chemonics, RTI and/or USAID. The employee further agrees to perform his duties faithfully and to the best of his ability, to comply with local laws and customs, and to conduct himself in a manner appropriate to Iraq.

III.    Reporting

While in Iraq, the employee will report directly to RTI's Chief of Party, Peter Benedict, or any successor appointed by RTI. Mr. Benedict is responsible for monitoring employee performance under the terms of the contract. The employee will also report to Chemonics Home Office Senior Manager, Dennis Chandler or his designee.

IV.    Salary

The base salary for the employee for the first year of project work has been proposed at US $131,250 per year, or a monthly rate of US $10,937.50. Salary is pending approval by RTI/USAID. Annual salary increases may be granted in accordance with Chemonics' customary policy and are subject to the approval of USAID. Neither the rate nor amount of salary increase is guaranteed under the terms of this agreement. Salary increases are also subject to company guidelines, individual performance, and client approvals.

V.    Contract allowances

The employee will receive cash payments and allowances relating to USAID allowances for overseas employees only as specified by the attached contract, and in accordance with prevailing USAID regulations. Contract allowances and benefits, and governing regulations, are detailed in the contract, annexes, and the enclosed benefits and allowances summary. You are responsible for conforming to all regulations as detailed in the contract and allowances summary. Such allowances, including post differential, post allowance, danger pay, living quarters allowance, and per diem, are established by USAID and rates for these allowances are subject to change at any time. Chemonics thus reserves the right to make changes in or reduce these allowances at its discretion.

VI.    Employment at will

| Employee | Senior Manager | Senior Vice President |
| --- | --- | --- |

Employment Agreement
Fred Ladd
Page 3

The employee shall be considered an employee at will for the duration of employment covered under this agreement. Employment may be terminated by the employee or by Chemonics at any time and for any reason. No person other than Chemonics' president has the authority to enter into any oral or written employment agreement for a specific period of time or make any agreement contrary to this clause.

**VII.   Termination of employment**

Employment may be terminated at any time by Chemonics or by the employee for any reason. Should the employee be terminated for misconduct, dereliction of duty, or gross failure to perform satisfactorily, or should the employee voluntarily resign without obtaining prior written consent of Chemonics' home office, Chemonics will not be liable for salary or related costs beyond the date of employment termination. When terminated for the reasons listed here in VII, the employee shall also be liable for any relocation costs not allowable for U.S. government reimbursement, as stated in VIII.5 of this agreement.

**VIII.   Repatriation**

Chemonics will absorb the costs of repatriating the employee, employee's family (if applicable), and personal effects only in accordance with the applicable USAID contract allowances and eligibility requirements and under the following conditions:

1.  The employee's assignment is successfully completed; or

2.  The employee is terminated for reasons related to performance, but Chemonics deems said reasons to be beyond the employee's control and unrelated to misconduct, dereliction of duty, or gross failure to perform satisfactorily; or

3.  The employee is unable to continue working for medical reasons, having executed and submitted the standard State Department medical form as provided by the contract, prior to departure to the field; or

4.  The contract itself is terminated for reasons Chemonics, solely, deems to be beyond its control as Contractor; or

5.  The employee voluntarily resigns and Chemonics concurs in writing the circumstances of the resignation. Chemonics will absorb the employee's relocation costs if the employee completes

| Employee | Senior Manager | Senior Vice President |
|---|---|---|

Employment Agreement
Fred Ladd
Page 4

the requirements for government reimbursement of relocation costs per AIDAR 752.7002. If the employee does not meet these requirements, the employee will be responsible for the applicable costs of employee (and family, if applicable) travel and effects transportation to and from the post of duty.

6.  Employee expressly acknowledges and agrees that, if Chemonics pays the employee's repatriation/relocation costs and/or travel advances and determines that the employee is responsible for such costs, Chemonics is authorized to withhold the repatriation costs from the employee's final pay and/or any reimbursement check owed to the employee. No additional authorization is needed from the employee to effectuate this withholding in the future.

## IX.   Deductions

The employee agrees and acknowledges that Chemonics is authorized to make deductions from my pay during my employment and, upon termination, from my final paycheck, for expenses incurred by me in connection with my employment with Chemonics or for any other outstanding financial debt I may have to Chemonics.

## X.   Data ownership

To the extent that ownership of the employee's reports, research, data, and other work is not covered by the attached contract, ownership of all such materials rests with Chemonics. All working papers and materials gathered during the assignment must be delivered to Chemonics upon the conclusion of employment. The employee agrees not to publish or make any other use of such materials without the prior approval in writing of Chemonics.

## XI.   Conflict of interest

The employee may not engage in any business, profession, or occupation in Iraq, or any other country to which the employee may be assigned through this contract. This includes loans to or investments in any business in Iraq, and extends to direct or indirect employment either in the employee's name or through the agency of another person.

## XII.   Legal agreement

This agreement shall be binding upon the employee and Chemonics, and on their respective successors, heirs, and assignees. Either party may assign this agreement only with the prior

_____        _____        _____
Employee                       Senior Manager                 Senior Vice President

Employment Agreement
Fred Ladd
Page 5

written consent of the other. This agreement shall be interpreted and construed under and in accordance with the laws of the District of Columbia. The parties hereby expressly agree and acknowledge that the courts of the District of Columbia shall have sole and exclusive jurisdiction over any dispute arising under or otherwise relating to this agreement. The parties agree that any such disputes shall not be brought before any foreign court, administrative agency, or other legal body, but shall be under the sole and exclusive jurisdiction of the courts of the District of Columbia as stated above. Should either party breach this clause by bringing a dispute before a foreign court, administrative agency, or other legal body, the parties agree as follows: the non-breaching party shall be entitled to liquidated damages at a sum equal to three (3) months salary of the employee's last wage under this agreement and preceding the breach.

## XIII.  Medical Clearance

In accordance with USAID regulation, the employee hereby certifies that prior to his fielding the required physical examination will be completed. As stated above, employment is conditional on the outcome of the required medical exam.

## XIV. Acceptance of agreement

Acceptance of the terms of this agreement shall be indicated by both parties on the lines provided below and by initialing each page of this agreement. The parties hereby accept the terms of this agreement:

_____        9/5/03
Richard Breitenstein                      Date
Project Administrator
Middle East

_____        Sept 11, 2003
Fred Ladd                                 Date

Social Security No.:   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

Location Signed:   Colorado Springs, CO


_____  _____        _____ Senior Vice President
   Employee        Senior Manager

EFILED Document
CO El Paso County District Court 4th JD
Filing Date: Nov 30 2006  4:06PM MST
Filing ID: 13060285
Review Clerk: Sharon Robinson

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Case No. 05-cv-02122-LTB-MEH

FRED LADD and
LORETTA SUZANNE LADD,

                            Plaintiffs,

v.

RESEARCH TRIANGLE INSTITUTE, a North Carolina corporation, also known as
RESEARCH TRIANGLE INSTITUTE INTERNATIONAL,

                            Defendant.

---

## AFFIDAVIT OF KEVIN P. DUFFY

---

Kevin P. Duffy, being duly sworn, deposes and says:

1.      I am over the age of 18 years old, am of sound mind and body, and am competent to testify to the matters contained in this affidavit. I have personal knowledge of the facts contained in this affidavit.

2.      I am the Personnel Director at Chemonics International Inc. ("Chemonics").

3.      In 2003, Chemonics undertook a subcontracting role to Research Triangle Institute ("RTI") on the Iraq Local Governance Project ("LGP"), a project and contract funded by the United States Agency for International Development ("USAID"). Chemonics is an independent company unaffiliated with RTI.

4.      Under the subcontract, Chemonics recruited and fielded many technical staff to serve in Iraq. Except to confirm that the persons recruited by Chemonics met certain criteria established by USAID, RTI had no involvement with or input into the recruiting done by Chemonics.

5.      One of the people hired by Chemonics in connection with the LGP project was Fred Ladd.

6.      After preliminary discussions with Mr. Ladd, Chemonics sent him an employment agreement, which Mr. Ladd then signed and returned to Chemonics. Once Mr. Ladd signed the agreement, he became a Chemonics employee. No additional steps were required to create an employment contract between Chemonics and Mr. Ladd. The act of signing each individual page of the employment agreement, which was done later, was a mere formality.

7.      Mr. Ladd's employment contract, like the employment contracts of all other employees on the LGP project, required him to pass a medical examination and be approved by RTI and USAID before he could begin field work for Chemonics. These requirements were all pursuant to the contract; they were not prerequisites to the making of a contract. Chemonics made no representations to Mr. Ladd to the contrary.

8.      After Mr. Ladd signed the employment agreement, Chemonics flew him (at Chemonics' expense) to Washington, D.C. for new employee orientation. Chemonics would not have taken such a step had it believed that Mr. Ladd was not yet contractually committed to work for Chemonics.

2

Further affiant sayeth not.

/s/ Kevin P. Duffy
Kevin P. Duffy

Sworn to and subscribed before me,
this the 2nd day of August, 2006.

/s/ Merita Jackson
Notary Public

My Commission Expires: August 31, 2009

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2006, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

> David L. Kofoed
> The Kofoed Law Firm, LLC
> 6841 South Yosemite, Suite 3-A
> Englewood, Colorado 80112
> kofoedlawfirm@qwest.net
> Attorney for Plaintiffs.

> s/ Clifton L. Brinson
> Clifton L. Brinson

4

EFILED Document
CO El Paso County District Court 4th JD
Filing Date: Nov 30 2006 4:06PM MST
Filing ID: 13060285
Review Clerk: Sharon Robinson

# EXHIBIT C



CHEMONICS INTERNATIONAL INC.

December 8, 2004

Mr. Fred Ladd
1975 Spring Valley Drive
Colorado Springs, CO 80921

Dear Fred:

This letter serves to summarize your discussion on November 23, 2004, regarding your end of assignment and employment with Chemonics International.

You have been out on disability since October 23, 2003. In accordance with Chemonics policy, we granted you 16 weeks of Family and Medical Leave. We also filed the required paperwork needed to receive benefits for worker's compensation on the Defense Base Act (DBA).

Based upon the information currently in our possession (and upon our recent conversation), we understand that you remain unable to perform the essential functions of your position with or without a reasonable accommodation. It is also our understanding that you do not have a definite date upon which you may be able to return to work and perform the essential functions of your position. If our understanding regarding your condition and inability to work are incorrect, please contact me immediately. It is also our understanding that the official end date of your assignment on the LGP project was scheduled to be October 1, 2004. Since you were hired as an employee specifically for this project, and you remain unable to work, we must inform you that your employment with Chemonics will terminate as of December 23, 2004.

Although you will no longer be employed with Chemonics, so long as you are disabled and you continue to satisfy the terms and conditions under DBA, the DBA insurance provider, CNA, will continue to pay you this benefit. Your remaining group insurances of health, company paid and (additional) optional life insurance, and accidental death and dismemberment will terminate as of midnight December 31, 2004.

As discussed, you if you wish to continue your Chemonics health insurance coverage, you can do so by applying for the coverage through COBRA. To apply for this coverage, please fill out and return the attached COBRA notification and application. So long as you are considered disabled, you are eligible to remain on COBRA for twenty-nine months from January 1, 2005. Additionally, because of your special circumstances, Chemonics has agreed to pay for the cost of the premium (both the employee and the employer portions) during your entire COBRA eligibility. The COBRA costs covered by Chemonics during 2005 are estimated at $735 per month. This cost will increase over the twenty-nine month period of coverage.

If you wish, your company paid life insurance may be converted to individual policies under your name. The terms and conditions of this conversion is based upon Prudential's individual

insurance practices in junction with state mandates. Please let us know if you wish to pursue insurance conversions.

We are truly appreciative of your contributions to Chemonics and the Iraq LGP project. In the future, if your condition improves and you are able to go back to work, we will consider you for any open positions which match your qualifications. Our thoughts and prayers are with you, and we hope for your full recovery. If we can help with anything else, please feel free to contact us at your convenience.

Sincerely yours,

Peter Bittner
Sr. Vice President

| DISTRICT COURT, COUNTY OF EL PASO, COLORADO | |
|---|---|
| Court Address: 20 E. Vermijo Ave.<br>Colorado Springs, CO 80903<br>(719) 448-7700 | **EFILED Document**<br>CO El Paso County District Court 4th JD<br>Filing Date: Nov 30 2006  4:06PM MST<br>△ COURT USE ONLY △<br>Filing ID: 13060288<br>Review Clerk: Sharon Robinson |
| PLAINTIFF(S): FRED LADD, | CASE NUMBER: |
| DEFENDANT(S): CHEMONICS, INC., a corporation | |
| Attorneys for plaintiff, FRED LADD<br>Name:  David L. Kofoed, #3807<br><br>The Kofoed Law Firm, L.L.C.<br>6841 S. Yosemite, Suite 3A<br>Englewood, CO 80112<br>(303) 721-8877<br>(303) 721-9352 fax number | DIVISION: |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF<br>COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

1.  This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case.  It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.

2.  Check the boxes applicable to this case.

    ☐  **Simplified Procedure under C.R.C.P. 16.1 applies to this case because this party does not seek a monetary judgment in excess of $100,000.00 against another party, including any attorney fees, penalties or punitive damages but excluding interest and costs and because this case is not a class action or forcible entry and detainer, Rule 106, Rule 120, or other expedited proceeding.**

    [X}  Simplified Procedure under C.R.C.P. 16.1, **does not apply** to this case because (check one box below identifying why 16.1 does not apply):

        ☐  This is a class action or forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding,        or

        [X] This party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs (see C.R.C.P. 16.1(c)),        or

        ☐  Another party has previously stated in its cover sheet that C.R.C.P. 16.1 does not apply to this case.

3.  ☐ This party makes a **Jury Demand** at this time and pays the requisite fee.   See C.R.C.P. 38.
    (Checking this box is optional.)

Dated: November 30, 2006

**DULY SIGNED ORIGINAL ON FILE AT
THE KOFOED LAW FIRM LLC**

_____

DAVID L. KOFOED



CHEMONICS

## IN THE DISTRICT COURT OF EL PASO COUNTY, COLORADO

FRED LADD, )
)
       Plaintiff, )
)
       v. )     Case No. 2006-CV-5092
)
CHEMONICS, INC., )
)
       Defendant. )

### AFFIDAVIT OF KEVIN P. DUFFY

Kevin P. Duffy, being duly sworn, depose and says:

1.    I am over 18 years old and I am competent to testify concerning the matters contained in this Affidavit.

2.    I am the Personnel Director of Chemonics International, Inc. ("Chemonics").

3.    Chemonics is a Delaware Corporation.

4.    Chemonics' principal place of business is 1717 H Street, NW, Washington, D.C. 20006.

Further affiant sayeth not.

_____
Kevin P. Duffy

Subscribed and sworn to before me this 21st day of June, 2007.

_____
Notary Public

My commission expires:   **OCT 1 4 2010**



DISTRICT COURT, COUNTY OF EL PASO
STATE OF COLORADO
Court Address:
20 E. Vermijo Ave.
Colorado Springs, CO 80903
(719) 448-7700

Δ COURT USE ONLY Δ

PLAINTIFF(S): FRED LADD,

vs.

DEFENDANT(S): CHEMONICS, INC., a corporation

CASE NUMBER:

DIVISION:

Attorneys for plaintiffs, FRED LADD

Name:   David L. Kofoed, #3807

The Kofoed Law Firm, L.L.C.
6841 S. Yosemite, Suite 3A
Englewood, CO 80112
(303) 721-8877

WAIVER AND ACCEPTANCE OF SERVICE OF
SUMMONS AND COMPLAINT

I, James M. Mesnard, Esq. on behalf of Chemonics, Inc., hereby acknowledge receipt of the Summons and Complaint in this matter on the behalf of Chemonics, Inc. and hereby waive formal service thereof and acknowledge acceptance of same.

Dated this 20th day of June , 2007

CHEMONICS, INC.

By:  James M. Mesnard, Esq.

STATE OF District of )
                     ) ss.
COUNTY OF Columbia )

Subscribed and sworn to before me this 20th day of June , 2007.

Notary Public

My Commission expires:

Vanessa S. Hayward
Notary Public, District of Columbia
My Commission Expires 10/31/2007

**GRANTED**

Within 10 days from the date of this order, the moving party is directed to furnish a copy of this order to any pro se party who has entered an appearance in this action.

DISTRICT COURT, COUNTY OF EL PASO
STATE OF COLORADO
Court Address:
20 E. Vermijo Ave.
Colorado Springs, CO 80903
(719) 448-7700

Larry E. Schwartz
District Court Judge
Date of order indicated on attachment

PLAINTIFF(S): FRED LADD,

vs.

DEFENDANT(S): CHEMONICS, INC., a corporation

Attorneys for plaintiffs, FRED LADD

Name:   David L. Kofoed, #3807

The Kofoed Law Firm, L.L.C.
6841 S. Yosemite, Suite 3A
Englewood, CO 80112
(303) 721-8877

Δ COURT USE ONLY Δ

CASE NUMBER:  06CV5092

DIVISION:  5
COURTROOM:  501

ORDER

This matter having come before the Court on the Court's order to show cause why this case should not be dismissed for failure to prosecute and the plaintiff having responded to same and the Court have reviewed such response and finding that cause has been shown;

It is now ordered that the plaintiff shall have 30 days from the date of this Order to provide evidence of service either by way of waiver and acceptance of service or by completion of formal service thereof.

Done and signed this ____ day of June, 2007.

By the Court:

_____
DISTRICT JUDGE

DISTRICT COURT, COUNTY OF EL PASO
STATE OF COLORADO
Court Address:
20 E. Vermijo Ave.
Colorado Springs, CO 80903
(719) 448-7700

|  |  |
|---|---|
| PLAINTIFF(S): FRED LADD,<br><br>vs.<br><br>DEFENDANT(S): CHEMONICS, INC., a corporation | Δ COURT USE ONLY Δ |
|  | CASE NUMBER: |
|  | DIVISION: |
| Attorneys for plaintiffs, FRED LADD<br><br>Name:  David L. Kofoed, #3807<br><br>The Kofoed Law Firm, L.L.C.<br>6841 S. Yosemite, Suite 3A<br>Englewood, CO 80112<br>(303) 721-8877 |  |

## WAIVER AND ACCEPTANCE OF SERVICE OF SUMMONS AND COMPLAINT

I, James M. Mesnard, Esq. on behalf of Chemonics, Inc., hereby acknowledge receipt of the Summons and Complaint in this matter on the behalf of Chemonics, Inc. and hereby waive formal service thereof and acknowledge acceptance of same.

Dated this _____ day of _____, 2007

CHEMONICS, INC.

_____
By: James M. Mesnard, Esq.

STATE OF _____    )
                            ) ss.
COUNTY OF _____    )

Subscribed and sworn to before me this ____ day of _____, 2007.
Witness my hand and official seal.

_____
Notary Public

My Commission expires:

| DISTRICT COURT, COUNTY OF EL PASO<br>STATE OF COLORADO<br>Court Address:<br>20 E. Vermijo Ave.<br>Colorado Springs, CO 80903<br>(719) 448-7700 | **EFILED Document**<br>**CO El Paso County District Court 4th JD**<br>**Filing Date: Jun 14 2007 3:14PM MDT**<br>**Filing ID: 15236477**<br>**Review Clerk: Sharon Robinson**<br><br>△ COURT USE ONLY △ |
|---|---|
| PLAINTIFF(S): FRED LADD,<br><br>vs.<br><br>DEFENDANT(S): CHEMONICS, INC., a corporation<br><br>Attorneys for plaintiffs, FRED LADD<br><br>Name:   David L. Kofoed, #3807<br><br>The Kofoed Law Firm, L.L.C.<br>6841 S. Yosemite, Suite 3A<br>Englewood, CO 80112<br>(303) 721-8877 | CASE NUMBER:  06CV5092<br><br><br>DIVISION:  5<br>COURTROOM:  501 |
| **ORDER** ||

This matter having come before the Court on the Court's order to show cause why this case should not be dismissed for failure to prosecute and the plaintiff having responded to same and the Court have reviewed such response and finding that cause has been shown;

It is now ordered that the plaintiff shall have 30 days from the date of this Order to provide evidence of service either by way of waiver and acceptance of service or by completion of formal service thereof.

Done and signed this _____ day of June, 2007.

By the Court:

_____
DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

FRED LADD,

        Plaintiff,

v.

CHEMONICS, INC.,

        Defendant.

---

## DEFENDANT'S CORPORATE DISCLOSURE STATEMENT

---

        Pursuant to Fed. R. Civ. P. 7.1 and D.C.COLO.LCivR 7.4, Defendant Chemonics, Inc.,

("Chemonics") hereby provides the following Corporate Disclosure Statement:

        Chemonics is not a publicly traded company.  Chemonics has no parent entities.  No

publicly held entity owns ten percent or more of Chemonics' stock.

        Respectfully submitted this 25th day of June, 2007.

                SHERMAN & HOWARD L.L.C.

                s/ William A. Wright
                William A. Wright, Esq.
                633 17th Street, Suite 3000
                Denver, CO 80202
                Telephone:  303-297-2900
                Facsimile:  303-298-0940
                E-mail:  wwright@sah.com



Raymond M. Deeny, Esq.
SHERMAN & HOWARD L.L.C.
90 S. Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Telephone: 719-475-2440
Facsimile:  719-635-4576
E-mail:  rdeeny@sah.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that on this 25th day of June, 2007, a true copy of the foregoing document was e-filed with the Clerk of the U.S. District Court with a copy deposited in the U.S. Mail, postage prepaid, addressed to the following:

David L. Kofoed, Esq.
The Kofoed Law Firm, LLC
6841 South Yosemite, Suite 3A
Englewood, Colorado  80012

s/ Mary Ann Meise

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   07-cv-01338-WDM-BNB

FRED LADD,

        Plaintiff(s),

v.

CHEMONICS, INC.,

        Defendant(s).

---

## ORDER OF REFERENCE TO MAGISTRATE JUDGE

---

        Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a) and (b),
United States Magistrate Judge Boyd N. Boland is designated to conduct proceedings
in this civil action as follows:

   (X)    Convene a scheduling conference under Fed.R.Civ.P. 16(b) and enter a
          scheduling order meeting the requirements of D.C.COLO.LCivR 16.2.

   (X)    Conduct such status conferences and issue such orders necessary for
          compliance with the scheduling order, including amendments or
          modifications of the scheduling order upon a showing of good cause.

   (X)    Convene such settlement conferences and direct related procedures as
          may facilitate resolution of this case.

   (X)    Hear and determine pretrial matters, including discovery and other non-
          dispositive motions.

   ( )    Conduct hearings, including evidentiary hearings, and submit proposed
          findings of fact and recommendations for rulings on dispositive motions.

   (X)    Conduct a pretrial conference and enter a pretrial order.

        It is ORDERED, that this civil action is referred to the named magistrate judge to
proceed according to the designations marked (X) above.



**The parties are directed to my Pretrial and Trial Procedures available in the Clerk's office or on the court's website: www.cod.uscourts.gov. These govern all proceedings in my court and indicate what my expectations are.**

DATED at Denver, Colorado on June 27, 2007

BY THE COURT:

s/ Walker D. Miller
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01338-WDM-BNB

FRED LADD,

      Plaintiff,

v.

CHEMONICS, INC.,

      Defendant.

## ENTRY OF APPEARANCE

Raymond M. Deeny, of the law firm Sherman & Howard L.L.C., a member in good standing of the Bar of this Court, pursuant to D.C.COLO.LCivR. 11.1(A), hereby enters his appearance on behalf of Defendant Chemonics, Inc.

Respectfully submitted this 2nd day of July, 2007.

SHERMAN & HOWARD L.L.C.

s/ Raymond M. Deeny
Raymond M. Deeny, Esq.
90 S. Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Telephone:  (719) 475-2440
Facsimile:  (719) 635-4576
E-mail: rdeeny@sah.com

Attorney for Defendant



## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 2nd day of July, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David L. Kofoed, Esq.
The Koefoed Law Firm, LLC
kofoedlawfirm@qwest.net

s/ Mary Ann Meise

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-01338-WDM-BNB

FRED LADD,

        Plaintiff,

    v.

CHEMONICS, INC.,

        Defendant.

---

**UNOPPOSED MOTION TO TRANSFER CASE AND TO
ENLARGE THE DATE FOR RESPONDING TO COMPLAINT**

---

Defendant, Chemonics, Inc. ( "Chemonics"), by its undersigned counsel, and pursuant to

Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a), hereby moves

this Court to transfer this action to the United States District Court for the District of Columbia

and to enlarge the date by which Chemonics must respond to Plaintiff's Complaint until ten (10)

days after this case is docketed in that Court.  Undersigned counsel certifies that the Plaintiff's

counsel has conferred with Defendant's counsel in Washington D.C., and that Plaintiff consents

to this motion.  The grounds for the foregoing motion are set forth more fully in the

accompanying memorandum of points and authorities to which this Court's attention is

respectfully directed.

Respectfully submitted this 2nd day of July, 2007.

SHERMAN & HOWARD L.L.C.


s/ Raymond M. Deeny
Raymond M. Deeny, Esq.
90 S. Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Telephone:  719-475-2440
Facsimile:  719-635-4576
E-mail:  rdeeny@sah.com


William A. Wright, Esq.
SHERMAN & HOWARD L.L.C.
633 17th Street, Suite 3000
Denver, CO 80202
Telephone:  303-297-2900
Facsimile:  303-298-0940
E-mail:  wwright@sah.com

Attorneys for Defendant


## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 2nd day of July, 2007, a true and correct copy of the foregoing
document was e-filed with the Clerk of the United States District Court using the CM/ECF
system which will send notification of such filing to the following e-mail address:

David L. Kofoed, Esq.
The Kofoed Law Firm, LLC
kofoedlawfirm@qwest.net


s/ Mary Ann Meise

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-01338-WDM-BNB

FRED LADD,

        Plaintiff,

   v.

CHEMONICS, INC.,

        Defendant.

---

## ORDER GRANTING UNOPPOSED MOTION TO TRANSFER CASE AND TO ENLARGE THE DATE FOR RESPONDING TO COMPLAINT

---

       Having considered Defendant, Chemonics, Inc.'s, Unopposed Motion to Transfer Case and to Enlarge the Date for Responding to Complaint, it is hereby ORDERED, that Defendant's motion is hereby GRANTED.  It is further ORDERED that this action shall be transferred to the United States District Court for the District of Columbia and that the date by which Defendant must answer or otherwise respond to Plaintiff's Complaint is extended until ten (10) days after this action is docketed in that Court.

       Dated this _____ day of July, 2007.

                                      _____
                                        United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-01338-WDM-BNB

FRED LADD,

                    Plaintiff,

        v.

CHEMONICS, INC.,

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION TO TRANSFER CASE AND TO ENLARGE THE DATE FOR RESPONDING TO COMPLAINT**

---

## INTRODUCTION

Plaintiff Fred Ladd ("Ladd") brought this suit against Chemonics, Inc. ("Chemonics") based on allegations arising out of an employment contract between Ladd and Chemonics. Chemonics timely removed the case to this Court.  The employment contract entered into between Ladd and Chemonics contains an enforceable forum selection clause which requires that all disputes be brought in the courts of the District of Columbia.  *See Exhibit A-1*, Employment Agreement.  Consequently, because venue in this Court is improper, Chemonics respectfully moves that this case be transferred to the United States District Court for the District of Columbia under 28 U.S.C. § 1406(a) and that the date by which it must answer or otherwise

respond to Ladd's Complaint be enlarged until ten days after this action is docketed in that Court.[1]

## STATEMENT OF FACTS

Chemonics is a corporation incorporated under the laws of Delaware with its principal place of business in the District of Columbia. Among other projects, Chemonics was a subcontractor on a contract with the U.S. Agency for International Development ("USAID") for the Iraq Local Governance Project Civil Institution Support Program. The purpose of the contract was to assist in the rebuilding process in Iraq.[2]

On or about September 5, 2003, Chemonics entered into an employment Agreement with Ladd ("the Agreement"). Under the Agreement, Ladd was hired as a Municipal Utility Specialist for the Local Governance Program in Iraq. The Agreement contained a forum selection clause requiring all litigation to be brought in the District of Columbia and requiring the application of District of Columbia law. After receiving training in North Carolina and Washington, D.C., Ladd was sent to the city of Al Kut in Iraq. On or about October 23, 2003, Ladd was injured in a motor vehicle accident in Iraq and was no longer able to work.

On or about November 30, 2006, Ladd filed a Complaint against Chemonics in the District Court for the County of El Paso, Colorado. Chemonics then removed Ladd's lawsuit to this Court. The gravamen of Ladd's Complaint is an allegation that Chemonics breached the Agreement with Ladd and that Ladd is entitled to a variety of damages flowing from that breach.

---

[1] Chemonics also asserts that it is not subject to personal jurisdiction in Colorado. As a nonresident defendant, Chemonics is subject to personal jurisdiction in Colorado only if the controversy "arises out of" its activities in Colorado or if Chemonics has continuous and systematic contacts with Colorado such that it is subject to Colorado's general jurisdiction. Chemonics has no such minimum contacts.

[2] The general contractor was the Research Triangle Institute ("RTI").

Chemonics denies Ladd's allegations.  Nevertheless, these allegations clearly arise from his

Agreement with Chemonics.

## ARGUMENT

1.  ### THIS CASE SHOULD BE TRANSFERRED BECAUSE VENUE IS IMPROPER IN COLORADO

   a.  #### Venue Is Improper In Colorado Because The Agreement Contains An Enforceable Forum Selection Clause

Section 1406(a) governs venue in the instant case.  Section 1406(a) states in relevant part:

"The district court of a district in which is filed a case laying venue in the wrong division or

district shall dismiss, or if it be in the interest of justice, transfer such case to any district or

division in which it could have been brought."  28 U.S.C. § 1406(a).

The Agreement entered into by Ladd and Chemonics contains a valid forum selection

clause which specifically states:

> This agreement shall be interpreted and construed under and in
> accordance with the laws of the District of Columbia.  The parties
> hereby expressly agree and acknowledge that the courts of the
> District of Columbia shall have sole and exclusive jurisdiction over
> any dispute arising under or otherwise relating to this agreement.
> The parties agree that any such disputes shall not be brought before
> any foreign court, administrative agency, or other legal body, but
> shall be under the sole and exclusive jurisdiction of the courts of
> the District of Columbia as stated above.

*See* Exhibit A-1.  By entering into the Agreement, Ladd agreed that any action would be brought

in the District of Columbia.  As a result, venue in this Court is not proper and this action should

be transferred to the United States District Court for the District of Columbia.

Federal law controls the application of a forum selection clause by a federal court sitting

in diversity.  *QFA Royalties, LLC v. Majed*, Civil Case No. 06-cv-01506-LTB-MEH, 2006 WL

3

3500618 (D. Colo. Dec. 1, 2006) *citing Stewart Organization v. Ricoh Corp.*, 487 U.S. 22 (1988) (holding that "A district court sitting in diversity must apply a federal statute that controls the issue before the court."). Pursuant to federal law, forum selection clauses are prima facie valid and are enforced unless the party opposing the clause can show that it is unreasonable under the circumstances. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 6 (1972); *K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengese*, 314 F.3d 494, 498 (10th Cir. 2002). The Tenth Circuit affords deference to forum selection clauses unless a party can show "an inconvenience so serious as to foreclose a remedy, bad faith, overreaching or lack of notice." *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 592-93 (1991); *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953 (10th Cir. 1992).

Furthermore, forum selection clauses are classified as either mandatory or permissive. *See K & V Scientific, Co., Inc.*, 314 F.3d at 498. "Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum. In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." *Id. quoting Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997). Additionally, "[t]he use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made." *Excell, Inc.*, 106 F.3d at 1066 *quoting Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342 (10th Cir. 1992).

The forum selection clause in the Agreement is mandatory and, thus, this action should be transferred to the United States District Court for the District of Columbia because venue is improper in Colorado. Ladd consents to the transfer of this case to the U.S. District Court for the District of Columbia. Accordingly, Chemonics' motion to transfer should be granted.

4

b.    Transfer Of This Case Is In The Interests of Justice

When venue is improper, the court may, in the interests of justice, transfer the case to a district court in which it could have been brought. *See* 28 U.S.C. § 1406(a). Courts generally utilize the standards under 28 U.S.C. § 1404 to evaluate transfers pursuant to a forum selection clause. *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1998). *See also Bosse v. Chertoff*, 2007 WL 484590, No. 05-CV-02170-MSK (D. Colo. Feb. 9, 2007); *Concrete Industries v. Dobson Brothers Construction*, 2007 WL 1455979, No. 06-1325-WEB. (D. Kan. May 17, 2007). 28 U.S.C. §1404(a) sets forth two requirements for transfer: (1) an action may be transferred only to a district where it "might have been brought;" and (ii) the transfer must be "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. §1404(a); *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967). The party moving for transfer bears the burden of establishing that the current forum is inconvenient, and must overcome a strong presumption that the plaintiff's chosen forum is appropriate. *See Bosse*, 2007 WL 484590 at *3 citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992); *Houston Fearless Corp. v. Teter*, 318 F.2d 822, 827-28 (10th Cir. 1963). However, a case should be transferred if the transfer would prevent inconvenience, unnecessary expense, and wasted time; and if it would protect the efficiency of courts and the interest of justice. *See Frontier Airlines, Inc. Retirement Plan for Pilots v. Security Pacific Nat'l Bank, N.A.*, 696 F. Supp. 1403, 1406 (D. Colo. 1988); *In re The Dow Co. "Sarabond Products" Liability Litigation*, 664 F. Supp. 1403, 1404 (D. Colo. 1987).

Chemonics asserts that transfer of this case is in the interest of justice because all of the potential witnesses Chemonics is aware of except Ladd are in the Washington, D.C. metropolitan

5

area. Ladd is the only witness Chemonics is aware of in Colorado. The majority of the relevant documents are necessarily in the District of Columbia. Accordingly, transfer is in the interests of justice.

c.    This Case is Properly Transferable to the District of Columbia

As a threshold matter, to transfer under § 1404(a), there must be another district in which the action might have been brought. *See* 28 U.S.C. § 1404(a). *See also Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (citations omitted). As explained above, the Agreement's forum selection clause requires that the present action be brought in the District of Columbia. Moreover, Chemonics asserts there is no personal jurisdiction over Defendant Chemonics in Colorado. As such, the instant action is not only properly transferable to the District of Columbia but should have been brought there from its initiation.

d.    Convenience of the Parties and Witnesses and in the Interest of Justice This Case Should be Transferred to the District Court for the District of Columbia

Once it has been established that an alternative appropriate forum for the case is available, the Court considers a variety of factors before determining whether to transfer a matter, including:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

6

*Chrysler Credit Corp.*, 928 F.2d at 1516 *citing Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967). These factors are suggestions among others the court might consider and are not considered exclusive or mandatory for consideration. *Id.*

Plaintiff's choice of forum usually receives deference in the change of venue analysis. However, this factor is entitled to less weight when the operative facts of the case have no connection to them. *See Bosse*, 2007 WL 484590 at * 3. *See also Cargill, Inc. v. Prudential Ins. Co. of America*, 920 F. Supp. 144, 147 (D. Colo. 1996); *Furr v. Aguilar*, No. CIV-04-CV-02385-WYD-CBS, 2005 WL 1801627 at * 6 (D. Colo. July 28, 2005) (granting transfer of case brought by Colorado resident against non-Colorado defendants where underlying facts occurred elsewhere) (unpublished opinion attached hereto as Exhibit A-2). The operative facts of this case have no relationship to Colorado. Any alleged breaches of the Agreement flowed from actions that took place in the District of Columbia. There is no nexus between the operative facts of this case and Colorado other than Ladd's residence.

Moreover, the Agreement contains a valid forum selection clause which is "a significant factor that figures centrally in the district court's calculus" in a motion to transfer. *Stewart Org., Inc.*, 487 U.S. at 29. Plaintiff now consents to the transfer of this action to the United States District Court for the District of Columbia. As such, an analysis of Plaintiff's choice of forum is irrelevant.

The accessibility of witnesses and availability of process to compel their attendance at trial are primary considerations in the transfer analysis because of the fundamental importance of presenting live testimony at trial. *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993) ("convenience of witnesses is the most important factor in deciding a

motion: to transfer and availability of process to compel testimony "is also an important factor"). Rule 45 of the Federal Rules of Civil Procedure provides the district courts limited enforcement rights concerning subpoenas. Under that rule, a district court can enforce a trial subpoena served on a witness within the judicial district of the court, or within 100 miles of the court. *See* Fed. R. Civ. P. 45. As explained below, the accessibility of the witnesses and other sources of proof will only be enhanced by a transfer to the District of Columbia.

Chemonics is headquartered in the District of Columbia – where a significant number of its officers and employees are located. These officers and employees are likely to be called as witnesses. Furthermore, documents and other sources of proof will likely be found at Defendant Chemonics' District of Columbia location. Indeed, Ladd is the only potential witness Chemonics is aware of located in Colorado. Therefore, the convenience of the witnesses and the availability of compulsory process to insure the attendance of witnesses clearly support transfer of this case. *See Bailey v. Union Pacific R. Co.*, 364 F. Supp.2d 1227, 1230 (D. Colo. 2005); *Sackett v. Denver and Rio Grande Western R.R. Co.*, 603 F. Supp. 260, 261 (D. Colo. 1985).

The District of Columbia is a more convenient forum for the majority of witnesses that will be potentially called in this case. Thus, the interests of justice clearly support transfer of this case. Moreover, no party will be prejudiced by the transfer of this action at this juncture. No significant proceedings have taken place thus far in the case, discovery has not begun, and the parties have not been before the Court for any status, scheduling or pre-trial conferences. The case has been pending in this Court for only a few days and the only activity to have occurred is the filing of the Complaint, removal papers, and this motion. Moreover, the parties consent to

8

the transfer of this case to the District of Columbia.  Accordingly, Chemonics motion to transfer

this action should be granted.

2.   <u>IN THE ALTERNATIVE, THIS ACTION SHOULD BE TRANSFERRED TO THE
     UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA UNDER
     28 U.S.C. §1631</u>

Venue is also improper in Colorado because Chemonics does not have the requisite

continuous and systematic general business contacts with Colorado which would confer personal

jurisdiction over Chemonics.  See *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d

1525, 1533 (10th Cir. 1996).  As a nonresident defendant, Chemonics is subject to personal

jurisdiction in Colorado only if the controversy "arises out of" its activities in Colorado or if

Chemonics has continuous and systematic contacts with Colorado such that is subject to

Colorado's general jurisdiction.  There are no allegations in Ladd's Complaint which would

constitute the minimum contacts necessary to support the exercise of personal jurisdiction over

Chemonics.

There are no allegations in the Complaint that this controversy concerning the alleged

breach of a contract arose out of activities by Chemonics in Colorado.  There are no allegations

in the Complaint which would suggest that Chemonics has the requisite continuous and

systematic general business contacts with Colorado for personal jurisdiction purposes.  *See*

*Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1525, 1533 (10th Cir. 1996).  Since

personal jurisdiction does not exist in Colorado, this action should be transferred to the United

States District Court for the District of Columbia pursuant to 28 U.S.C. §1631.[3]

---

[3] Chemonics notes that on October 24, 2005, Ladd filed suit in this Court against RTI seeking recovery for personal injuries sustained in Iraq.  RTI is located in Durham, North Carolina.  That action, *Fred Ladd, et al. v. Research Triangle Institute*, Case No. 05cv02122-LTB, was transferred, pursuant to 28 U.S.C. §1631, to the United

3.   THE DATE BY WHICH CHEMONICS MUST RESPOND TO LADD'S COMPLAINT
     SHOULD BE ENLARGED UNTIL TEN DAYS AFTER THE CASE IS DOCKETED
     IN THE DISTRICT OF COLUMBIA.

The date by which Chemonics must answer or otherwise respond to Ladd's Complaint should be enlarged until ten days after this action is docketed in the United States District Court for the District of Columbia. Such an enlargement will allow counsel in the District of Columbia to enter an appearance and to become sufficiently acquainted with the case to respond to Ladd's Complaint. Ladd consents to Chemonics' motion for enlargement of time.

## CONCLUSION

As demonstrated above, venue is improper in the District of Columbia. As such, the parties request that this Court should transfer this case, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the District of Columbia as both the private and public interests favor transfer. The date by which Chemonics must respond to Ladd's Complaint should be enlarged until ten days after this action is docketed in this Court.

Respectfully submitted this 2nd day of July, 2007.

SHERMAN & HOWARD L.L.C.

s/ Raymond M. Deeny
Raymond M. Deeny, Esq.
90 S. Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Telephone:  719-475-2440
Facsimile:  719-635-4576
E-mail:  rdeeny@sah.com

---

District of North Carolina for the Eastern District of North Carolina on October 18, 2006 because of the lack of personal jurisdiction over RTI.

10

William A. Wright, Esq.
SHERMAN & HOWARD L.L.C.
633 17th Street, Suite 3000
Denver, CO 80202
Telephone:  303-297-2900
Facsimile:  303-298-0940
E-mail:  wwright@sah.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 2nd day of July, 2007, a true and correct copy of the foregoing document was e-filed with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

David L. Kofoed, Esq.
The Kofoed Law Firm, LLC
kofoedlawfirm@qwest.net

s/ Mary Ann Meise

11

# EXHIBIT A-1



CHEMONICS INTERNATIONAL INC.

EMPLOYMENT AGREEMENT

This agreement is made this September 5, 2003, between CHEMONICS INTERNATIONAL INC. (hereinafter "Chemonics"), a corporation organized and existing under the laws of District of Columbia, and Fred Ladd, 1975 Spring Valley Drive, Colorado Springs, CO 80921 (hereinafter "employee").

Under Chemonics' contract agreement with the U.S. Agency for International Development ("USAID") for the Iraq Local Governance Project Civic Institution Support Program (Contract No. EDG-C-00-03-00010-00), for the provision of technical assistance and related services to client and government organization, Chemonics wishes to retain the services of the employee, Fred Ladd, to serve under this contract pending approval of the USAID Contracting Officer and RTI.

Chemonics and the employee agree as follows:

I.    Appointment

Chemonics hereby appoints the employee as Municipal Utility Specialist for the Local Governance Program in Iraq for the aforementioned contract, to begin work on or about September 16, 2003. This employment is conditional upon clearance of the required medical exam.

II.    Scope of work and performance of duties

The employee shall provide technical assistance, direction and insight in program implementation and management to strengthen local and municipal administrations, civic institutions and political processes in Iraq. Activities will respond to a broad range of challenges in sub-national administration, democratic institutions and processes. The employee will participate in the program development and oversight of capacity development activities for local and municipal governments to improve their financial and managerial performance and to assess and improve municipal services and infrastructure. Additionally, the employee may be requested to engage in various tasks as called for by USAID approved work plans. Please refer to the attached summary for additional information on the project. Details of more precise tasks will be articulated at a later date.

_____    _____    _____
Employee                    Senior Manager              Senior Vice President

Employment Agreement
Fred Ladd
Page 2

The contract terms of reference for said position are subject to amendment at anytime by
Chemonics, RTI and/or USAID. The referenced contract scope of work has been provided to the
employee and is always available in Chemonics home and in the field office for review. In
accepting this employment, the employee agrees he will not hold Chemonics liable in any way
for alterations in the scope or nature of work that may be made by Chemonics, RTI and/or
USAID. The employee further agrees to perform his duties faithfully and to the best of his ability,
to comply with local laws and customs, and to conduct himself in a manner appropriate to Iraq.

## III.    Reporting

While in Iraq, the employee will report directly to RTI's Chief of Party, Peter Benedict, or any
successor appointed by RTI. Mr. Benedict is responsible for monitoring employee performance
under the terms of the contract. The employee will also report to Chemonics Home Office Senior
Manager, Dennis Chandler or his designee.

## IV.    Salary

The base salary for the employee for the first year of project work has been proposed at US
$131,250 per year, or a monthly rate of US $10,937.50. Salary is pending approval by
RTI/USAID. Annual salary increases may be granted in accordance with Chemonics' customary
policy and are subject to the approval of USAID. Neither the rate nor amount of salary increase is
guaranteed under the terms of this agreement. Salary increases are also subject to company
guidelines, individual performance, and client approvals.

## V.    Contract allowances

The employee will receive cash payments and allowances relating to USAID allowances for
overseas employees only as specified by the attached contract, and in accordance with prevailing
USAID regulations. Contract allowances and benefits, and governing regulations, are detailed in
the contract, annexes, and the enclosed benefits and allowances summary. You are responsible
for conforming to all regulations as detailed in the contract and allowances summary. Such
allowances, including post differential, post allowance, danger pay, living quarters allowance,
and per diem, are established by USAID and rates for those allowances are subject to change at
any time. Chemonics thus reserves the right to make changes in or reduce these allowances at its
discretion.

## VI.    Employment at will

| Employee | Senior Manager | Senior Vice President |

Chemonics International Inc.    1133 20th Street NW    Washington, DC 20036    Tel. 202-955-3300    Fax 202-955-3400

Employment Agreement
Fred Ladd
Page 3

The employee shall be considered an employee at will for the duration of employment covered under this agreement. Employment may be terminated by the employee or by Chemonics at any time and for any reason. No person other than Chemonics' president has the authority to enter into any oral or written employment agreement for a specific period of time or make any agreement contrary to this clause.

**VII.    Termination of employment**

Employment may be terminated at any time by Chemonics or by the employee for any reason. Should the employee be terminated for misconduct, dereliction of duty, or gross failure to perform satisfactorily, or should the employee voluntarily resign without obtaining prior written consent of Chemonics' home office, Chemonics will not be liable for salary or related costs beyond the date of employment termination. When terminated for the reasons listed here in VII, the employee shall also be liable for any relocation costs not allowable for U.S. government reimbursement, as stated in VIII.5 of this agreement.

**VIII.    Repatriation**

Chemonics will absorb the costs of repatriating the employee, employee's family (if applicable), and personal effects only in accordance with the applicable USAID contract allowances and eligibility requirements and under the following conditions:

1.  The employee's assignment is successfully completed; or

2.  The employee is terminated for reasons related to performance, but Chemonics deems said reasons to be beyond the employee's control and unrelated to misconduct, dereliction of duty, or gross failure to perform satisfactorily; or

3.  The employee is unable to continue working for medical reasons, having executed and submitted the standard State Department medical form as provided by the contract, prior to departure to the field; or

4.  The contract itself is terminated for reasons Chemonics, solely, deems to be beyond its control as Contractor; or

5.  The employee voluntarily resigns and Chemonics concurs in writing the circumstances of the resignation. Chemonics will absorb the employee's relocation costs if the employee completes

_____        _____        _____
Employee                Senior Manager          Senior Vice President

Employment Agreement
Fred Ladd
Page 4

the requirements for government reimbursement of relocation costs per AIDAR 752.7002. If the employee does not meet these requirements, the employee will be responsible for the applicable costs of employee (and family, if applicable) travel and effects transportation to and from the post of duty.

6. Employee expressly acknowledges and agrees that, if Chemonics pays the employee's repatriation/relocation costs and/or travel advances and determines that the employee is responsible for such costs, Chemonics is authorized to withhold the repatriation costs from the employee's final pay and/or any reimbursement check owed to the employee. No additional authorization is needed from the employee to effectuate this withholding in the future.

IX.  **Deductions**

The employee agrees and acknowledges that Chemonics is authorized to make deductions from my pay during my employment and, upon termination, from my final paycheck, for expenses incurred by me in connection with my employment with Chemonics or for any other outstanding financial debt I may have to Chemonics.

X.  **Data ownership**

To the extent that ownership of the employee's reports, research, data, and other work is not covered by the attached contract, ownership of all such materials rests with Chemonics. All working papers and materials gathered during the assignment must be delivered to Chemonics upon the conclusion of employment. The employee agrees not to publish or make any other use of such materials without the prior approval in writing of Chemonics.

XI.  **Conflict of interest**

The employee may not engage in any business, profession, or occupation in Iraq, or any other country to which the employee may be assigned through this contract. This includes loans to or investments in any business in Iraq, and extends to direct or indirect employment either in the employee's name or through the agency of another person.

XII.  **Legal agreement**

This agreement shall be binding upon the employee and Chemonics, and on their respective successors, heirs, and assignees. Either party may assign this agreement only with the prior

| Employee | Senior Manager | Senior Vice President |
|---|---|---|

Employment Agreement
Fred Ladd
Page 5

written consent of the other. This agreement shall be interpreted and construed under and in accordance with the laws of the District of Columbia. The parties hereby expressly agree and acknowledge that the courts of the District of Columbia shall have sole and exclusive jurisdiction over any dispute arising under or otherwise relating to this agreement. The parties agree that any such disputes shall not be brought before any foreign court, administrative agency, or other legal body, but shall be under the sole and exclusive jurisdiction of the courts of the District of Columbia as stated above. Should either party breach this clause by bringing a dispute before a foreign court, administrative agency, or other legal body, the parties agree as follows: the non-breaching party shall be entitled to liquidated damages at a sum equal to three (3) months salary of the employee's last wage under this agreement and preceding the breach.

### XIII. Medical Clearance

In accordance with USAID regulation, the employee hereby certifies that prior to his fielding the required physical examination will be completed. As stated above, employment is conditional on the outcome of the required medical exam.

### XIV. Acceptance of agreement

Acceptance of the terms of this agreement shall be indicated by both parties on the lines provided below and by initialing each page of this agreement. The parties hereby accept the terms of this agreement:

_____          9/5/03
Richard Breitenstein                       Date
Project Administrator
Middle East

_____          Sept 11, 2003
Fred Ladd                                   Date

Social Security No.:  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

Location Signed:  Colorado Springs, CO


_____    _____    _____
Employee            Senior Manager     Senior Vice President

# EXHIBIT A-2

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1801627 (D.Colo.)
(Cite as: Not Reported in F.Supp.2d)

C
Furr v. Aguilar
D.Colo.,2005.
Only the Westlaw citation is currently available.
United States District Court,D. Colorado.
Dr. Wayne FURR, M.D., Plaintiff,
v.
Ralph AGUILAR, individually; Alan Kent,
individually; and Aguilar & Sebastinelli, Defendants.
No. CIVA04CV02385WYDCBS.

July 28, 2005.

John Taylor Hopkins, IV, John Alfred Roberts,
Roberts Law Firm, P.C., Atlanta, GA, for Plaintiff.
John Hoppock Feeney, Murphy, Pearson, Bradley &
Feeney, San Francisco, CA, for Defendants.

ORDER
DANIEL, J.
*1 THIS MATTER is before the Court on Defendant
Raul V. Aguilar, and Aguilar and Sebastinelli's
Notice of Motion and Motion to Dismiss for Lack of
Personal Jurisdiction and Improper Venue
(F.R.C.P.12(b)(2); 12(b)(3); 28 U.S.C. § 1406(a)); or
in the Alternative to Transfer for Improper Venue (28
U.S.C. § 1406(a)) or in the Alternative to Transfer
For Convenience (28 U.S.C. § 1404(a)), filed
December 20, 2004, and upon Defendant Allen J.
Kent's similarly styled motion, filed April 6, 2005
(collectively referred to as "Defendants' Motion").[FN1]
Through their Motion, Defendants request that the
case be dismissed for lack of personal jurisdiction
and improper venue, or in the alternative, that the
case be transferred to the Northern District of
California, San Francisco Division, because of
improper venue and convenience concerns.

FN1. Since Defendants Aguilar, Aguilar and
Sebastinelli, and Kent use almost identical
language and make the same arguments in
their respective motions, I refer to
Defendants' arguments as if they were raised
collectively in one motion.

I. Background to the Dispute

This action arises out of Plaintiff's claims of legal
malpractice, breach of fiduciary duty, and breach of

contract brought against his former California
attorneys and law firm in conjunction with their
representation of Plaintiff in a California lawsuit in
the Superior Court of California for Los Angeles
County (the "underlying litigation"). Gill v. Abbassi,
et al., Civil Action No. BC 174420. Compl., at 4. The
underlying litigation was brought against hundreds of
doctors, including Plaintiff, Dr. Wayne Furr, M.D.,
who were involved with Physician Inter-indemnity
Cooperative Corporation ("PICC") and Physicians
Inter-indemnity    Trust    ("PIT")    (collectively
"PICC/PIT"). Id., at 4-5. The following facts of the
underlying litigation are pertinent to the issue of
personal jurisdiction raised by Defendants' Motion.

Pursuant to the California Insurance Code § 1280.7,
PICC was formed to provide an alternative to
malpractice insurance by allowing physicians to pool
their financial resources into an inter-indemnity trust.
Id. at 5. In connection with joining the PICC, each
member signed a "physicians inter-indemnity trust
agreement," forming the PIT. Defs.' Mot., at 3.
Members such as Plaintiff paid initial contributions
and assessments which were deposited into the PIT to
cover defense and indemnity costs for medical
malpractice lawsuits. In September 1995, the PIT
board of trustees terminated the PIT upon learning
that an assessment of $32.5 million was necessary to
replenish the trust fund and raise sufficient funds for
defense and indemnity. Id. at 4. Thereafter, the PIT
ceased providing coverage to members for future
malpractice actions. Id.

In March 1996, the Los Angeles Superior Court
ordered the PICC/PIT into receivership and
appointed David Gill ("Gill") as receiver. Id. Upon
determining that the PICC/PIT held insufficient funds
to cover debts and possible malpractice claims, Gill
attempted to levy an assessment against the members,
but only twenty (20) percent of the members
responded. Id. In July 1997, Gill filed the underlying
lawsuit, Gill v. Abbassi, in the Los Angeles County
Superior Court against all members, including
Plaintiff, to recover unpaid assessments totaling $51
million. Plaintiff initially retained a lawyer named
Keith Rouse to represent his interest in the lawsuit,
but terminated such relationship in "late 1999."
Compl. at 6. On July 31, 1999,[FN2] Plaintiff entered
into an attorney-client relationship with Defendant
Aguilar & Sebastinelli, a law firm which already
represented other defendant doctors in the underlying

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1801627 (D.Colo.)
**(Cite as: Not Reported in F.Supp.2d)**

litigation.[FN2] Compl., at 6 ¶ 6.

> FN2. The Agreement for Performance of Legal Services, attached as Exhibit X to Plaintiff's Amended Response to Defendants' Motion, filed May 5, 2005, was signed by Plaintiff and Defendants on July 31, 1999 and August 2, 1999, respectively.

> FN3. According to Defendants, Aguilar & Sebastinelli "represented approximately 300 members" of PICC/PIT, while other law firms represented the balance of the nearly 300 doctors sued by the receiver. Defs.' Mot. at 4.

*2 Defendants thereafter assumed the responsibility of informing Plaintiff of the status of the case, any offers to settle and other matters raised in the action. Compl. at 7, ¶ 19. Such correspondence occurred via telephone from Aguilar & Sebastinelli's main office is in San Francisco, California and from its only other office located in Los Angeles, California. Ex. B to Defs.' Mot., Sebastinelli Decl. at 2. At the time Plaintiff established the attorney-client relationship with Defendants, Plaintiff resided in Castle Rock, Colorado. [FN4]

> FN4. The parties make contradictory assertions as to the location of Plaintiff's residence during Defendants' representation of Plaintiff in the underlying litigation. Defendants repeatedly state, "at the time plaintiff retained defendants, plaintiff apparently maintained a residence and received mail at an address in Pasadena California." Defs.' Mot. at 7. In making this assertion, Defendants merely cite to Mr. Sebastinelli's Declaration. In contrast, Plaintiff asserts that he has been a Colorado resident "since the inception of the *Gill v. Abbassi* action," which, the Court notes, began in July 1997. Pl.'s Resp. at 3. To support his claim, Plaintiff points to his hand-written Colorado address which appears below his signature on the "Agreement for Performance of Legal Services." Pl.'s Am. Resp., Ex. X at 4. Plaintiff also attaches a check for payment of $9,000 to Aguilar & Sebastinelli, which is dated September 25, 1999 and contains a Castle Rock, Colorado address under Plaintiff's name. *Id.*, Ex. Y. For purposes of

this Order, I find Plaintiff was a Colorado resident as of the date the Agreement for Legal Services was signed by the parties on August 2, 1999.

On November 17, 2004, Plaintiff filed this action alleging Defendants committed legal malpractice while representing him in the underlying litigation by erroneously interpreting the offer to settle and advising Plaintiff that the proposed settlement would not provide a release to Dr. Furr regarding future liability. Plaintiff asserts that had Defendants properly advised Plaintiff about the mutual release, he would have accepted the offer to settle and, thus, would have owed $80,841.07 less to the receiver. The Court asserts subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, diversity of citizenship.

## II. Analysis

### (a) *Whether This Court has Personal Jurisdiction Over Defendants*

Plaintiff bears the burden of establishing personal jurisdiction over the Defendants. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir.1998). To satisfy this burden and defeat a motion to dismiss for lack of personal jurisdiction, Plaintiff need only make a *prima facie* case of personal jurisdiction. See *GCI 1985-1 Ltd. v. Murray Properties Partnership*, 770 F.Supp. 585, 587 (D.Colo.1991). To this effect, "[t]he allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits[,] [and][i]f the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id. at 587* (citations omitted).

On a motion to dismiss, the Court must engage in a two-step analysis to determine whether personal jurisdiction exists. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1507 (10th Cir.1995). The Court "must initially determine whether the exercise of jurisdiction is sanctioned by the Colorado long-arm statute, which is a question of state law ... and then determine whether the exercise of jurisdiction comports with the due process requirements of the Constitution." *Id. at 1506-07* (citations omitted). Because the Colorado Supreme Court has construed Colorado's long-arm statute as allowing personal jurisdiction to the full

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1801627 (D.Colo.)
(Cite as: Not Reported in F.Supp.2d)

extent permitted under federal law, *see Safari Outfitters v. Superior Court*, 167 Colo. 456, 448 P.2d 783, 784 (1968), "[our] analysis collapses into a single inquiry, whether the exercise of personal jurisdiction over [the Defendants] comports with due process." *National Bus. Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F.Supp.2d 1250, 1253 (D.Colo.2000) (*aff'd* No. 00-1411, 2001 WL 912796 (10th Cir. Aug.14, 2001)).

*3 " '[D]ue process requires only that ... [the Defendants] have certain minimum contacts with [Colorado] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." ' *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir.1996) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Critical to the due process analysis "is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id.* (quotations omitted). The reasonable anticipation requirement is satisfied if the defendant has engaged in "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

The "minimum contacts" standard may be met in two ways: through showing the existence of either specific jurisdiction or general jurisdiction. *Trierweiler*, 90 F.3d at 1532. I first find that Plaintiff has not demonstrated that the exercise of general jurisdiction over Defendants is appropriate, since he has not demonstrated that they have "continuous and systematic" contacts with Colorado. *See OMI Holdings*, 149 F.3d at 1091. Thus, I turn to the issue of specific jurisdiction.

Specific jurisdiction exists over a nonresident defendant " 'if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." ' *OMI Holdings, Inc.*, 149 F.3d at 1090-91 (internal citations omitted). The specific jurisdiction inquiry is two-fold. *Id.* "First, we must determine whether the defendant has such minimum contacts with the forum state 'that he should reasonably anticipate being haled into court there." ' *Id.* at 1091 (internal citations omitted). "Within this inquiry we must determine whether the defendant purposefully directed its activities at residents of the forum ... and whether the plaintiff's

claim arises out of or results from 'actions by the defendant *himself* that create a substantial connection with the forum state." ' *Id.* (citations omitted, emphasis in original). "Second, if the defendant's actions create sufficient minimum contacts, we must then consider whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice." ' *Id.* "This latter inquiry requires a determination of whether a district court's exercise of personal jurisdiction over a defendant with minimum contacts is 'reasonable' in light of the circumstances surrounding the case." *Id.*

Here, to establish its claim that Defendants have minimum contacts with Colorado, Plaintiff asserts that Defendants "purposely availed themselves of the benefit of the State of Colorado" by reaching out to Plaintiff, a Colorado resident, and representing him in the underlying litigation for a period of years. Pl.'s Resp., at 3. Plaintiff further argues that Defendants "deliberately created a continuing obligation" between Defendants and Plaintiff by "routinely correspond[ing] with Plaintiff via U.S. Mail and telephonically in Colorado" from December 10, 1999 through March 17, 2004.[FN5] In addition to the routine correspondence, Plaintiff claims Defendants mailed written demands to Plaintiff in Colorado for payment of fees regarding the underlying representation. Pl.'s Resp., at 4. Plaintiff also claims that this action is properly brought in Colorado because "the injury proximately caused by the tortious breach of duty of care" was suffered by Plaintiff in Colorado. Pl.'s Resp., at 8.

> FN5. Attached to Plaintiff's Response are exhibits 1 through 20 which illustrate the type of correspondence the parties maintained during that time. Among the exhibits are various letters from Defendants which generally informed Plaintiff of the status of the underlying litigation, and on two occasions directed Plaintiff to verify form interrogatories and responses to discovery that were to be submitted on his behalf.

*4 In support his claims, Plaintiff relies on *Keefe v. Kirschenbaum & Kirschenbaum*, wherein the Supreme Court of Colorado found personal jurisdiction was proper in Colorado over a New York law firm because a lawyer from the firm "deliberately accepted the responsibility of representing a Colorado client." 40 P.3d 1267, 1272 (Colo.2002).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1801627 (D.Colo.)
**(Cite as: Not Reported in F.Supp.2d)**

Plaintiff claims that personal jurisdiction is proper in this action because Defendant law firm, Aguilar & Sebastinelli, acted similarly to the law firm in *Keefe*, which entered into an attorney-client relationship with the plaintiff resident of the forum state, represented that plaintiff for a period of eleven years, and demanded and received payment for services in connection with that representation. *Id.*

Upon my review of the record before me, I find merit in Plaintiff's argument and that this Court has specific jurisdiction over Defendants. Applying the two-part test set forth in *OMI Holdings, Inc.* to the facts of the case at bar, I find that Defendants have minimum contacts with Colorado as they have purposefully directed activities at a Colorado resident. I find it significant that at the time Defendant law firm, Aguilar & Sebastinelli, signed the Agreement for Performance of Legal Services with Plaintiff, Defendants knew, or should have known, they were engaging in the representation of a Colorado resident. Clearly, where Plaintiff handwrites his forum-state address below the line where his signature appears on the legal agreement that was drafted and signed by Defendants, the latter should "have a fair warning that a particular activity may subject them to the jurisdiction" of the forum state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472-73, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). I further find the fact that Aguilar & Sebastinelli did not initially take actions to procure Dr. Furr as a client is irrelevant to the Court's minimum contacts analysis since the Court ultimately accepted the responsibility of representing a Colorado client. It also bears emphasizing that this Court is substantially influenced by the decision in *Keefe*, wherein the Colorado Supreme Court held that an out of state law firm established minimum contacts in Colorado by entering into an attorney-client relationship with the plaintiff.[FN6] *See Keefe,* 40 P.3d at 1272.

> FN6. Although Defendants cite to federal cases from other states within the Tenth Circuit, they do not cite to a case from the United States District Court for the District of Colorado that is so closely on point.

Turning to the issue of whether Plaintiff's claims arise out of or result from Defendants' actions, I find there is a "substantial connection" between the Defendants and the forum state. *OMI Holdings, Inc.,* 149 F.3d at 1091. Here, I find Defendants' alleged tortious conduct in failing to properly inform Plaintiff about the settlement offer caused injury to Plaintiff

who was residing in Colorado.

Having found the first prong of the specific jurisdiction inquiry is met and Defendants' actions created sufficient contacts with Colorado, I also find any exercise of personal jurisdiction by this Court over the Defendants would not offend "traditional notions of fair play and substantial justice" and would be "reasonable in light of the circumstances surrounding the case." *OMI Holdings, Inc.,* 149 F.3d at 1091. Defendants' representation of Plaintiff during the underlying litigation involved activities purposefully directed at an individual they knew to be a resident in this State. Accordingly, I find Defendants' Motion should be dismissed to the extent it requests this Court dismiss this action for lack of personal jurisdiction.

### (b) *Whether Venue is Proper in Colorado*

\*5 Defendants next assert, in the alternative, that this case should be either dismissed or transferred for improper venue under 28 U.S.C. § 1406(a).[FN7] Specifically, Defendants assert that under the relevant portions of 28 U.S.C. 1391(a), this civil action is improper in Colorado because "a substantial part of the events or omissions giving rise to the claim occurred ..." in the forum state. *See* 28 U.S.C. 1391(a)(2). Although Defendants have properly framed the issue, I disagree with their conclusion. For the same reasoning supporting the Court's finding that Defendants have minimum contacts in the forum state, I find that venue is proper in Colorado.[FN8] Accordingly, I find Defendants' Motion should be dismissed to the extent it requests this Court dismiss or transfer this action for improper venue.

> FN7. 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

> FN8. I find the *Wormuth v. Aguilar, et al.,* Case No. C 03-03943 VRW BZ, cited by Defendants as an example of a related case, is not helpful to this Court's venue analysis, as that case involved a motion to transfer venue, which was *uncontested* by the plaintiff.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1801627 (D.Colo.)
(Cite as: Not Reported in F.Supp.2d)

### (c) Whether Change of Venue is Appropriate

Defendants assert, in the alternative, that this Court should exercise its discretion and transfer this case to California out of concerns regarding convenience to Defendants and to potential witnesses in this action. Mot. at 9. Plaintiff disagrees with this claim, stating that the Court should honor his choice of forum and that it is "more inconvenient for Plaintiff to travel to California that it may be for the Defendants to travel to Colorado." Resp. at 13. Plaintiff further contends that in the "interest of justice," this action should not be transferred to California because the statute of limitations for legal malpractice claims has expired under California law. *Id.* at 13-14.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Congress enacted the statute "as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system." *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir.1991) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). Although Congress drafted section 1404(a) in accordance with the doctrine of forum non conveniens, "the statute was intended to revise rather than merely codify the common law." *Id.* District courts therefore enjoy greater discretion to transfer a case pursuant to section 1404(a) than to dismiss the action based upon the forum non conveniens doctrine. *Id.* The moving party bears the burden of demonstrating that the existing forum is inconvenient. *Id.*

The decision whether to transfer an action lies within the sound discretion of the trial judge. *See Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir.1978). In exercising that discretion, the Court must "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' " *Chrysler*, 928 F.2d at 1516 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)). Among the factors a district court should consider are: (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment; (5) the relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other practical considerations that make a trial easy, expeditious and economical. *Id.* (citation omitted).

*6 In this case, the Plaintiff has selected Colorado as its forum of choice, and as previously set forth, Plaintiff's choice of forum is afforded substantial deference. However, I agree with Defendants that this factor is entitled to less weight when the case's operative facts have no connection with the forum, as here. *See Alden Corp. v. Eazypower Corp.*, NO. CIV.A.303CV1257JCH, 2003 WL 22889014 at *4 (D.Conn.2003); *Mitsui Marine and Fire Ins. Co. Ltd. v. Nankai*, 245 F.Supp.2d 523, 525 (S.D.N.Y.2003); *Peters v. Graber Industries, Inc.*, No. CIV.A.91-1507-Bb, 1992 WL 420915 at *3 (D.Kan.1992). The only connection between this case and the forum state is that Plaintiff currently resides in Colorado. Thus, I find this factor is not controlling.

As to factors relating to the convenience of the parties and witnesses, I find Defendants have the stronger argument. The vast majority of potential witnesses in this action, namely the individual defendants, Mr. Kent and Mr. Aguilar, as well as Mr. Sebastinelli, and Mr. Gill, the receiver in the underlying litigation, live in California. As a result, the cost of making the necessary proof is less expensive in California. I further find that since the underlying litigation involved a California tax law and the legal malpractice claim arose from a relationship entered into in California, it would be advantageous for a local court in California to hear the case. As to the remaining factors, I find that they are essentially neutral and do not favor either jurisdiction. [FN9]

> FN9. I also find Plaintiff's argument, that this case should not be transferred because the statute of limitations for a legal malpractice claim in California has run, is without merit.

Weighing all the factors discussed above, I find Defendants' Motion should be granted to the extent it requests this Court transfer this action to California for convenience reasons.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1801627 (D.Colo.)
(Cite as: Not Reported in F.Supp.2d)

### III. Conclusion

Based upon the foregoing, it is

ORDERED that Defendant Raul V. Aguilar, and Aguilar and Sebastinelli's Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (F.R.C.P.12(b)(2); 12(b)(3); 28 U.S.C. § 1406(a)); or in the Alternative to Transfer for Improper Venue (28 U.S.C. § 1406(a)) or in the Alternative to Transfer For Convenience (28 U.S.C. § 1404(a)), filed December 20, 2004, and Defendant Allen J. Kent's similarly styled motion, filed April 6, 2005 (collectively "Defendants' Motions"), are GRANTED IN PART AND DENIED IN PART. Defendants' Motions are DENIED to the extent they request this action be dismissed for lack of personal jurisdiction and to the extent they request this action be dismissed or transferred for improper venue. Defendants' Motions are GRANTED to the extent they request this action be transferred to California for convenience. In accordance with the foregoing, it is

ORDERED that the Clerk of the Court is DIRECTED TO TRANSFER this action to the United States District Court for the Northern District of California, San Francisco Division.

D.Colo.,2005.
Furr v. Aguilar
Not Reported in F.Supp.2d, 2005 WL 1801627 (D.Colo.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01338-WDM-BNB

FRED LADD,

     Plaintiff,

     v.

CHEMONICS, INC.,

     Defendant.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO TRANSFER CASE AND TO ENLARGE THE DATE FOR RESPONDING TO COMPLAINT

Plaintiff, Fred Ladd, by and through his attorney of record, The Kofoed Law Firm, LLC, David L. Kofoed, submits the following response to defendant's unopposed motion to transfer case and to enlarge the date for responding to the complaint::

     1.     Plaintiff does agree to the transfer of the case to the United States District Court for the District of Columbia specifically for the reasons cited at 1.d. of the defendant's Memorandum of Points because of the convenience of the parties and witnesses and further agrees that venue would be appropriate in the District of Columbia.  Plaintiff has conferred by telephone with counsel for the defendant and counsel has advised that the statement in defendant's "Conclusion" in the brief that venue is improper in the District of Columbia was in fact, a typographical error and it is agreed that venue is proper in the District of Columbia.

9

2.    Plaintiff also has stipulated to the extension of time requested in the

motion filed by defendant's for filing a response to the complaint.

Respectfully submitted,

THE KOFOED LAW FIRM LLC

By _____ s/David L.Kofoed _____
              DAVID L. KOFOED, Esq.

## CERTIFICATE OF SERVICE – CM/ECF

I hereby certify that a true and correct copy of the **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO TRANSFER THE CASE AND TO ENLARGE THE DATE FOR RESPONDING TO THE COMPLAINT** was e-filed with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing on this 3rd day of July 2007 to the following:

Raymond M. Deeny, Esq.
SHERMAN & HOWARD, LLC
90 S. Cascade Ave., Ste. 1500
Colorado Springs, CO 80903

William A. Wright, Esq.
SHERMAN & HOWARD, LLC
633 17th Street, Ste. 3000
Denver, CO 80202

_____ s/Elena Best _____
Elena Best

**DISTRICT COURT, EL PASO COUNTY, COLORADO**
Court address:  **P.O. Box 2980**
　　　　　　　　**20 East Vermijo Ave.**
　　　　　　　　**Colorado Springs, CO 80901-2980**
Phone Number: **(719) 448-7632**

| | |
|---|---|
| Fred Ladd　　　　　　　　　　　Plaintiff<br>v.<br><br>Chemonics Inc.  a Corporation　　　Defendant | EFILED Document Only<br>CO El Paso County District Court 4th JD<br>Case Number 06CV5907 3:50PM MDT<br>Division 15  Courtroom **501**<br>Review Clerk: Sarah Vallejo |

---

### DELAY PREVENTION ORDER

This action is before the Court for judicial review.  The purpose of this review is to determine whether the action is being diligently prosecuted.  The Court has reviewed the record and now issues the following Orders:

**XX** 1. Complete service of process and file proof of service within thirty days, or explain in writing the difficulties you are having in obtaining service.  Failure to obtain service within six months of filing the Complaint shall result in the administrative closure of this action.

_____2. File a motion for entry of default and judgment within 30 days.

_____3. File a written Status Report within 30 days reflecting the current posture of the case.

_____4. File a certificate of compliance pursuant to C.R.C.P. 16(b)(7) which includes a detailed ADR plan within 30 days or this case will be dismissed.

_____5. File a Notice to Set and in fact set **within 30 days** a:
　　____A. Status Conference: Set status conf. with the Judge to agree on trial dates.
　　_____B. Case Management Conference
　　_____C. Motion hearing
　　_____ D. Trial/Mandatory mediation to be set up prior to obtaining a trial date.
　　_____E. Trial Management Conference
　　____ F.  **Other: Schedule trial.**

**6.  File within __30___ days a Response to Show Cause why this case should not be dismissed for failure to prosecute.  Failure to Comply with this order will result in dismissal with prejudice <u>without</u> further notice from the Court.**

7. Except as provided in paragraph 6, noncompliance with this Order constitutes a failure to diligently prosecute  this action, and is grounds to dismiss this action without prejudice through an entry of dismissal by Minute Order in the Registry of Actions <u>without</u> notice to counsel/party.
8. Dismissal of an action by the terms of this Order(s) and entry of that dismissal into the Registry of Actions is a final judgment.
9. Actions dismissed by this Order will not be subject to reinstatement as an active case unless relief from this Order is permitted by and in accordance with the Colorado Rules of Civil Procedure.

SO ORDERED this 15th day of May, 2007.

BY THE COURT

_LarryE Schwartz_

**LARRY E. SCHWARTZ**
**District Court Judge**

This Order has been served electronically in accordance with C.R.C.P. 121, section 1-26. A copy of this Order containing an original signature is on file in the Clerk's Office. Counsel are Ordered to serve a copy of this Order on any unrepresented parties.

2

| | | |
|---|---|---|
| **DISTRICT COURT, EL PASO COUNTY, COLORADO**<br>Court address: **P.O. Box 2980**<br>            **20 East Vermijo Ave.**<br>            **Colorado Springs, CO 80901-2980**<br>Phone Number: **(719) 448-7632** | | |
| Fred Ladd                            Plaintiff<br>v.<br><br>Chemonics Inc.  a Corporation         Defendant | | EFILED Document<br>CO El Paso County District Court 4th JD<br>Case Number: April 2007 3:46PM MDT<br>Division 15: 14 Courtroom **501**<br>Review Clerk: Sarah Vallejo<br>Court Use Only |
| | **DELAY PREVENTION ORDER** | |

        This action is before the Court for judicial review.  The purpose of this review is to determine whether the action is being diligently prosecuted.  The Court has reviewed the record and now issues the following Orders:

**XX**___1. Complete service of process and file proof of service within thirty days, or explain in writing the difficulties you are having in obtaining service.  Failure to obtain service within six months of filing the Complaint shall result in the administrative closure of this action.

_____2. File a motion for entry of default and judgment within 30 days.

_____3. File a written Status Report within 30 days reflecting the current posture of the case.

_____4. File a certificate of compliance pursuant to C.R.C.P. 16(b)(7) which includes a detailed ADR plan within 30 days or this case will be dismissed.

_____5. File a Notice to Set and in fact set **within 30 days** a:
      _____A. **Status Conference: Set status conf. with the Judge to agree on trial dates.**
      _____B. Case Management Conference
      _____C. Motion hearing
      _____D. **Trial/Mandatory mediation to be set up prior to obtaining a trial date.**
      _____E. Trial Management Conference
      _____ **F. Other: SETTLEMENT AGREEMENT.**

   **6. File within __30___ days a Response to Show Cause why this case should not be dismissed for failure to prosecute.  Failure to Comply with this order will result in dismissal with prejudice <u>without</u> further notice from the Court.**

    7. Except as provided in paragraph 6, noncompliance with this Order constitutes a failure to diligently prosecute  this action, and is grounds to dismiss this action without prejudice through an entry of dismissal by Minute Order in the Registry of Actions <u>without</u> notice to counsel/party.
    8. Dismissal of an action by the terms of this Order(s) and entry of that dismissal into the Registry of Actions is a final judgment.
    9. Actions dismissed by this Order will not be subject to reinstatement as an active case unless relief from this Order is permitted by and in accordance with the Colorado Rules of Civil Procedure.

       SO ORDERED this 12th  day of April, 2007.

                                **BY THE COURT**

                                **LARRY E. SCHWARTZ**
                                District Court Judge

This Order has been served electronically in accordance with C.R.C.P. 121, section 1-26.  A copy of this Order containing an original signature is on file in the Clerk's Office.  Counsel are Ordered to serve a copy of this Order on any unrepresented parties.

```
Court Name: U.S. District Court, Colorad
o
Division: 1
Receipt Number: COX002282
Cashier ID: sg
Transaction Date: 06/25/2007
Payer Name: SHERMAN HOWARD
-------------------------------------
CIVIL FILING FEE
  For: SHERMAN HOWARD
  Amount:        $350.00
-------------------------------------
CREDIT CARD
  Amt Tendered: $350.00
-------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

07-CV-01338


A fee of $45.00 will be assessed on
any returned check.
```

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Fred Ladd

**DEFENDANTS**
Chemonics, Inc.

**(b)** County of Residence of First Listed Plaintiff  El Paso
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Washington, D.C.
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David L. Kofoed, Esq.    303-721-8877
6841 S. Yosemite, Suite 3A, Englewood, CO

Attorneys (If Known)
William A. Wright, Esq.    303-297-2900
633 17th St., Suite 3000, Denver, CO

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | **PERSONAL PROPERTY** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | ☐ 370 Other Fraud | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 380 Other Personal Property Damage | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 385 Property Damage Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 240 Torts to Land | **PRISONER PETITIONS** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 245 Tort Product Liability | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 895 Freedom of Information Act |
| ☐ 290 All Other Real Property | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332; 42 U.S.C. § 1651
Brief description of cause:
Breach of contract and failure to pay benefits under 42 U.S.C. § 1651 et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

DATE
25 June 2007

SIGNATURE OF ATTORNEY OF RECORD
s/ William A. Wright

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

# SUPPLEMENTAL CIVIL COVER SHEET FOR
## NOTICES OF REMOVAL

Pursuant to 28 U.S.C. §§ 1446 - 47 and D.C.COLO.LCivR 81.1, the removing party shall promptly file a copy of each of the state court pleadings.

**Section A - Plaintiffs**

Plaintiffs remaining in action at the time of filing the notice of removal

Fred Ladd

**Section B - Defendants**

Defendants remaining in action at the time of filing the notice of removal

Chemonics, Inc.

**Section C - Pending Motions**
**As of Date of Removal**
Title of Motion:

Date Motion Filed:

1)_____
2)_____
3)_____
4)_____
(Use reverse for additional information if necessary)

N/A _____
_____
_____

**Section D - Hearings**

Are hearings set on any motions? If yes, please list motion, date of hearing, and the assigned judge:
None

_____
_____
_____
_____

**Signature of Attorney for Removing Party**

s/ William A. Wright
William A. Wright
SHERMAN & HOWARD L.L.C.
633 17th Street, Suite 3000
Denver, CO 80202
Phone:  303-297-2900; Fax:  303-298-0940
E-mail:  wwright@sah.com

(Rev. 04/06/06)

Date:  June 25, 2007
**El Paso County District Court, Colorado**
**Case No.:  06CV5092**

| DISTRICT COURT, COUNTY OF EL PASO<br>STATE OF COLORADO<br>Court Address:<br>20 E. Vermijo Ave.<br>Colorado Springs, CO 80903<br>(719) 448-7700 | **EFILED Document**<br>CO El Paso County District Court 4th JD<br>Filing Date: Jun 14 2007 3:14PM MDT<br>Filing ID: 15236477<br>Review Clerk: Sharon Robinson<br><br>△ COURT USE ONLY △ |
|---|---|
| PLAINTIFF(S): FRED LADD,<br><br>vs.<br><br>DEFENDANT(S):  CHEMONICS, INC., a corporation | CASE NUMBER:  06CV5092<br><br>DIVISION: 5<br>COURTROOM:  501 |
| Attorneys for plaintiffs, FRED LADD<br><br>Name:   David L. Kofoed, #3807<br><br>The Kofoed Law Firm, L.L.C.<br>6841 S. Yosemite, Suite 3A<br>Englewood, CO 80112<br>(303) 721-8877 | |
| **PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE WHY<br>THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE** | |

Plaintiff, Fred Ladd by and through his attorney or record, The Kofoed Law Firm, LLC, David L. Kofoed, submits the following response to the Court's order to show cause why this case should not be dismissed for failure to prosecute as follows:

1.      Plaintiff entered into a contract with Chemonics, a copy of which is attached to the complaint as Exhibit A, which contract reflected the address of Chemonics as being in Washington DC.

2.      Process was sent to an authorized process server in the Washington DC area for completion of service upon the corporation.  In attempting to locate the appropriate agent for service, the process server attempted to serve the CT Corporation System, which was determined to be the original registered agent.  Upon the attempted service, the process server was advised that the corporation charter was revoked and that service could not be made upon such registered agent, The process server could not locate any other registered agent.  A copy of the status of the Chemonics charter for the District of Columbia is attached hereto (Exhibit A).

3.    In attempting to explore the appropriate method of service, counsel received a letter from counsel in Washington DC purporting to represent the defendant followed by a letter of May 11, 2007 advising that he was authorized to accept service on the behalf of Chemonics.  See letter of May 11, 2007 attached hereto (Exhibit B).

4.    Accordingly, plaintiff then sent to the attorney representing Chemonics, a copy of a waiver and acceptance of service of Summons and complaint as he agreed to accept service, a copy of such letter and waiver is attached (Exhibit C).

5.    At this date, we are awaiting the return of the waiver and acceptance of service from counsel and anticipate that same should be arriving in short order.

In the event counsel reneges from his agreement to accept service, plaintiff is now aware of the fact that he is authorized to accept service and can now formally serve him as agent if necessary.

Therefore, plaintiff's counsel respectfully requests an extension of 30 days to provide either the executed waiver and acceptance of service as agreed to by counsel or to otherwise provide documentation reflecting the formal service of process.

Restfully submitted,

THE KOFOED LAW FIRM, LLC

**DULY SIGNED ORIGINAL AT
THE KOFOED LAW FIRM, LLC**

DAVID L. KOFOED, ESQ., #3807

# EXHIBIT A

## DISTRICT OF COLUMBIA STATUS REPORT

EFILED Document
CO El Paso County District Court 4th JD
Filing Date: Jun 14 2007  3:14PM MDT
Filing ID: 15236477
Review Clerk: Sharon Robinson



**Organization Information**

DCRA HOME

**SERVICES**
Basic Business License
Business Resource Center
Building/Land Regs
Compliance/Enforcement
Organization Registration
Inspections
Land Plats
Licensing Center
Building Plan Review
  Status
Permits

**INFORMATION**

**ONLINE SERVICE
  REQUESTS**

## Online Organization Registration
### Search Registered Organizations

Organization Details - Step **1** **2** **3**

To view another organization from the search, select the **Return to Search Results** button below. You may also print the organization details, or start a new search. Use the **Back to Main Page** button to continue the registration process.

| Organization | | Registered Agent |
|---|---|---|
| Organization Name: | CHEMONICS INTERNATIONAL, INC. | C T CORPORATION SYSTEM 1015 15TH STREET, N.W., SUITE 1000 Washington, DC 20005 |
| State: | DE | |
| Status: | REVOKED | |
| Initial Date of Registration: | 5/25/1999 | |
| File No.: | 991605 | |
| Organization Type: | FOREIGN BUSINESS CORPORATION | |

May 24, 2007

Suite 3A
Englewood, Colorado 80112

Telephone: (303) 721-8877
Fax: (303) 721-9352
e-mail: kofoed1@earthlink.net

James M. Mesnard, Esq.
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006

    Re:   FRED LADD V. CHEMONICS

Dear Mr. Mesnard:

Thank you for your agreement to accept service on the behalf of Chemonics in this matter. We, therefore, enclose a copy of the Summons and Complaint together with an acceptance of service form. Please return the acceptance of service as soon as possible.

Yours very truly,

DAVID E. KOFOED, ESQ.

DLK/eb

Enclosures



### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
#### OFFICE OF THE CLERK

GREGORY C. LANGHAM
CLERK OF COURT

Room A-105
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, Colorado 80294
Phone(303) 844-3433
www.cod.uscourts.gov

July 11, 2007

United States District Court
District of Columbia
U.S. Courthouse
3rd and Constitution Avenue, N.W.
Washington, D.C. 20001

Case Number: 07-cv-013380WDM-BNB
Fred Ladd **v.** Chemonics, Inc.

Dear Sir or Madam,

The above numbered case has been ordered transferred to your Court pursuant to an order of this court.

Enclosed please find a certified copy of the order and docket sheet. You may access electronically filed documents in this case at our ECF/PACER web address http://ecf.cod.uscourt.gov. Any documents not available electronically are enclosed in paper format.

Please acknowledge receipt by returning a copy of this letter noting the case number in your court in the enclosed envelope.

Very truly yours,
Gregory C. Langham, Clerks

s/ Kathy Preuitt-Parks



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### OFFICE OF THE CLERK

GREGORY C. LANGHAM
CLERK OF COURT

Room A-105
Alfred A. Arraj United States
Courthouse
901 19th Street
Denver, Colorado 80294
Phone(303) 844-3433
www.cod.uscourts.gov

July 11, 2007

United States District Court
District of Columbia
U.S. Courthouse
3rd and Constitution Avenue, N.W.
Washington, D.C. 20001

Case Number: 07-cv-013380WDM-BNB
Fred Ladd **v.** Chemonics, Inc.

Dear Sir or Madam,

The above numbered case has been ordered transferred to your Court pursuant to an
order of this court.

Enclosed please find a certified copy of the order and docket sheet. You may access
electronically filed documents in this case at our ECF/PACER web address
http://ecf.cod.uscourt.gov. Any documents not available electronically are enclosed in
paper format.

Please acknowledge receipt by returning a copy of this letter noting the case number in
your court in the enclosed envelope.

Very truly yours,
Gregory C. Langham, Clerks


s/ Kathy Preuitt-Parks
Deputy Clerk