IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRED LADD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.  07-1360 CKK |
| v. | ) | |
| | ) | |
| CHEMONICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ANSWER AND COUNTERCLAIM

Defendant, Chemonics, Inc. ("Chemonics"), by its undersigned counsel, and pursuant to

Rule 8 and Rule 12(b) of the Federal Rules of Civil Procedure, respectfully files this Answer and

Counterclaim and states:[1]

ANSWER

GENERAL ALLEGATIONS

1.      Chemonics does not have enough information to either admit or deny the

allegations in Paragraph 1 of the Complaint, and therefore these allegations are denied.

2.      Chemonics admits that its principal place of business is in Washington, D.C.

Chemonics denies that it is incorporated under the laws of the District of Columbia.

3.      Chemonics admits that it sent an Employment Agreement to Plaintiff in Colorado,

that Plaintiff signed the agreement and returned it to Chemonics and, at that point, Plaintiff was a

Chemonics' employee.  Chemonics also admits that Plaintiff was required to pass a medical

examination and to be approved by the Research Triangle Institute ("RTI") and the U.S. Agency

for International Development ("USAID") before he could begin work for Chemonics in Iraq.

---

[1]  Plaintiff has not identified the correct Defendant.  Plaintiff was employed by Chemonics
International, Inc.

Chemonics denies the remaining allegations in Paragraph 3 of the Complaint. Chemonics asserts

that the Employment Agreement speaks for itself. Chemonics admits, however, that it was a

subcontractor on a contract between USAID and RTI on the Iraq Local Governance Program

("LGP"). Chemonics also admits that, under the subcontract, its recruited technical staff,

including Plaintiff, to work in Iraq.

FIRST CLAIM FOR RELIEF

4.      Chemonics denies the allegations in Paragraph 4 of the Complaint. Chemonics

admits, however, that on September 11, 2003 Plaintiff executed the Employment Agreement

with Chemonics.

5.      Chemonics admits that Plaintiff was hired to work on the LGP as a Municipal

Utility Specialist and that his salary was $131,250 per year, or $10,937.50 per month.

Chemonics also admits the Employment Agreement stated that Chemonics would not be liable

for Plaintiff's salary or related costs beyond the date of termination. Chemonics denies the

remaining allegations in Paragraph 5 of the Complaint. Chemonics specifically denies that Ladd

was entitled to be paid his salary or any "cash payments and allowances" if he did not perform

the work and other duties described in Paragraph II of the Employment Agreement.

6.      Chemonics admits that Plaintiff began working in Iraq and that he sustained a

work-related injury while in Iraq. Chemonics denies that Plaintiff complied with all provisions

of the Employment Agreement. Chemonics does not have enough information to either admit or

deny the remaining allegations in Paragraph 6 of the Complaint, and therefore, these allegations

are denied.

7.      Chemonics does not have sufficient information to either admit or deny the

allegations in Paragraph 7 of the Complaint, and therefore, these allegations are denied.

8.      Chemonics denies the allegations in Paragraph 8 of the Complaint.

2

9.      Chemonics admits that Plaintiff is receiving temporary total disability benefits

under the Defense Base Act , 42 U.S.C. §1651 *et seq.*, at the maximum compensation rate of

$1,030.78 per week.  Chemonics denies the remaining allegations in Paragraph 9 of the

Complaint.

10.      Chemonics admits that Exhibit C is a copy of a letter sent to Plaintiff on

approximately December 8, 2004.  Chemonics denies the remaining allegations in Paragraph 10

of the Complaint.

11.      Chemonics denies the allegations in Paragraph 11 of the Complaint.

12.      Chemonics denies the allegations in Paragraph 12 of the Complaint.

13.      Chemonics denies the allegations in Paragraph 13 of the Complaint.

All other allegations set forth in Plaintiff's Complaint not heretofore admitted or denied

are hereby specifically and fully denied.

## PRAYER FOR RELIEF

Chemonics denies the Plaintiff is entitled to any relief any whatsoever.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Lack of personal jurisdiction.

## SECOND AFFIRMATIVE DEFENSE

Improper venue.

## THIRD AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be

granted.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

DC1 30201974.2

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and laches.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, in whole or in part, by the applicable workers' compensation statute.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages properly.

EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint may be construed as seeking punitive damages, Plaintiff's claim for punitive damages are barred because the alleged acts or omissions of Defendant fails to raise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless or fraudulent intent to deny Plaintiff his protected rights and are not so wanton or willful as to support an award of punitive damages.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action for intentional infliction of emotional distress is barred by the exclusive remedy provision of the Defense Base Act.


WHEREFORE, Chemonics respectfully requests that judgment dismissing the Complaint in its entirety be entered in its favor and that Chemonics be awarded its costs, inclusive of attorneys' fees and such other relief as the Court may deem just and proper.

COUNTERCLAIM

THE PARTIES

1.      Chemonics is a Delaware corporation with its principal place of business at 1717 H Street, N.W., Washington, D.C. 20006.

DC1 30201974.2

2.      On information and belief, Plaintiff / Counterclaim Defendant, Fred Ladd

("Ladd") is a citizen of the State of Colorado.

JURISDICTION & VENUE

3.      The Court has jurisdiction over the subject matter of this Counterclaim.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and the

forum selection clause contained in the Employment Agreement.

FACTS

5.      On September 11, 2003, Ladd executed an Employment Agreement with

Chemonics.  A copy of that Employment Agreement is attached to Ladd's Complaint as Exhibit

A.

6.      Paragraph XII of the Employment Agreement states that "[t]he parties hereby

expressly agree and acknowledge that the courts of the District of Columbia shall have sole and

exclusive jurisdiction over any dispute arising under or otherwise relating to this agreement."

7.      Paragraph XII of the Employment Agreement also states "[t]he parties agree that

any such disputes shall not be brought before any foreign court . . . but shall be under the sole

and exclusive jurisdiction of the Courts of the District of Columbia . . . ."

8.      The Employment Agreement further requires that any party breaching this

provision is liable to the nonbreaching party "to liquidated damages at a sum equal to three (3)

months salary of the employee's last wage under this agreement and preceding the breach."

9.      By executing the Employment Agreement, Ladd agreed to the requirements

within the Employment Agreement, which included bringing all disputes in the Courts of the

District of Columbia.

5

DC1 30201974.2

10.     On approximately November 30, 2006, Ladd initiated this action by filing suit

against Chemonics in the District Court for El Paso County, Colorado.  The gravamen of Ladd's

Complaint is an allegation that Chemonics breached the Employment Agreement.

11.     Ladd breached the forum selection provision in the Employment Agreement by

initiating this action in the District Court of El Paso County, Colorado.

12.     Accordingly, Chemonics is entitled to liquidated damages in the amount of

$32,812.50, and any other relief the Court may deem proper.

>                    Respectfully submitted,
>
>                    CHEMONICS, INC.
>
>
>                    By:    /s/ James M. Mesnard
>                           James M. Mesnard, Esq., D.C. Bar No. 404835
>                           Seyfarth Shaw LLP
>                           815 Connecticut Avenue, N.W., Suite 500
>                           Washington, D.C.  20006-4004
>                           (202) 463-2400
>                           (202) 828-5393 (facsimile)

Dated:  August 2, 2007

DC1 30201974.2

<u>CERTIFICATE OF SERVICE</u>

      I certify that a true copy of the foregoing Answer and Counterclaim was served by first class mail, postage prepaid, this 2nd day of August, 2007, on:


          Fred Ladd
          1975 Spring Valley Drive
          Colorado Springs, CO 80921




                            __/s/ James M. Mesnard_____
                            James M. Mesnard