UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRED LADD, | ) |
| Plaintiff, | ) |
| v. | ) |
| CHEMONICS INC, | ) Civil Action No.: 07-CV-01360 CKK |
| Defendant. | ) |

## JOINT STATEMENT

Plaintiff, Fred Ladd ("Ladd"), and Defendant, Chemonics, Inc. ("Chemonics"), by their undersigned counsel, and pursuant to Local Rule 16.3(c) and the Court's Order for Initial Scheduling Conference, respectfully submit this Joint Statement.[1]

### STATEMENT OF THE CASE

This action arises out of an employment contract between Ladd and Chemonics. Chemonics was a subcontractor on a contract with the U.S. Agency for International Development ("USAID") for the Iraq Local Governance Project Civil Institution Support Program. The purpose of the contract was to assist in the rebuilding process in Iraq. The general contractor was the Research Triangle Institute ("RTI").

On or about September 5, 2003, Chemonics entered into an employment agreement with Ladd ("the Agreement"). Pursuant to the Agreement, Ladd was hired as a Municipal Utility Specialist for the Local Governance Program in Iraq. After receiving training at Chemonics in Washington, D.C. and RTI in North Carolina , Ladd was sent to the city of Al Kut in Iraq. On or about October 23, 2003, Ladd was injured in a motor vehicle accident in Iraq. Ladd was no longer able to work and he returned to the

---

[1] Ladd's Complaint does not properly identify Chemonics. Defendant's correct name is Chemonics International, Inc.

United States for medical treatment. Ladd has received disability and medical benefits under the Defense Base Act, 42 U.S.C. §1651 *et seq*. (the "DBA"), the applicable workers' compensation statute, and he continues to receive approximately $4,600 per month plus medical benefits.

Ladd's Complaint alleges that, pursuant to the Agreement, he is entitled to his full salary and allowances until he was terminated as an employee in December 2004. Ladd also alleges that he is entitled to additional disability benefits and 29 months of COBRA health insurance premiums. Finally, Ladd alleges a cause of action for intentional infliction of emotional distress. Chemonics denies Ladd's allegations. Ladd contends he is entitled to those benefits pursuant to his agreement with Chemonics.

Chemonics' defense to Ladd's claim that he is entitled to lost wages and allowances when he was unable to work is that this claim is barred by the exclusive remedy provision of the DBA. 42 U.S.C. §1651(c). Ladd is asking for damages beyond those provided by the DBA. Chemonics asserts that regardless how it is characterized, the primary thrust of Ladd's allegation is an attempt to circumvent the exclusive remedy provision of the DBA. Moreover, the Agreement between Ladd and Chemonics describes the scope of the work and duties which Ladd contracted to perform while in Iraq. The Agreement also established an applicable salary. Ladd was paid for the time he worked prior to being injured. He is not entitled to his salary for time he did not work in addition to full workers' compensation disability benefits under the DBA. Chemonics further contends that to the extent that Ladd's complaint alleges he is entitled to additional benefits under the DBA, he is in the wrong forum. Such a claim must be pursued before the U.S. Department of Labor in accordance with the administrative claims processing framework established by the DBA. 42 U.S.C. §1653(a); 20 C.F.R. §704.002. In any event, Ladd is receiving the maximum amount of disability benefits available under the DBA.

Chemonics denies that it is obligated to pay Ladd's COBRA premiums.  Chemonics also asserts that there is no evidence of outrageous conduct by Chemonics toward Ladd.  There is, therefore, no evidence to support a claim for intentional infliction of emotional distress.

MATTERS IDENTIFIED BY RULE 16.3(c)

Counsel for the parties have discussed the topics identified by Local Rule 16.3(c) and hereby advise the Court of their positions:

1. <u>Likelihood of Disposition by Dispositive Motion</u>.  Both parties anticipate filing motions for summary judgment.  They, do not, however, believe the case will be ripe for dispositive motions until after the close of discovery.

2. <u>Date for Joinder of Parties and Amendment of Pleadings</u>.  The parties agree that any amendments to the pleadings and joinder of any additional parties should be accomplished by November 15, 1007.  The parties also agree it is unlikely that the issues can be further narrowed without a ruling on any dispositive motions.

3. <u>Assignment to a Magistrate Judge</u>.  The parties do not believe that the case should be assigned to a magistrate judge for trial.

4. <u>Realistic Possibility of Settlement</u>.  The parties engaged in extensive discussions prior to the filing of Plaintiff's Complaint.  They were, however, unable to achieve a settlement.  The case may be amenable to settlement after the close of discovery or after dispositive motions are ruled upon.  The parties agree, however, that settlement at this time is unlikely.

5. <u>Alternative Dispute Resolution Procedures</u>.  Because the parties engaged in extensive, but unsuccessful, discussions prior to the filing of suit, they do not believe that alternative dispute resolution procedures would be useful until after the close of discovery or after dispositive motions are ruled upon.

DC1 30209539.1 / 14138-000017

6. <u>Resolution by Dispositive Motion</u>. Both parties anticipate filing dispositive motions. Proposed dates for such motions are reflected in the attached proposed scheduling order.

7. <u>Initial Disclosures</u>. The parties agree to dispense with the initial disclosures required by Rule 26(f) of the Federal Rules of Civil Procedures.

8. <u>Extent of Discovery</u>. The parties also believe that it will take six months to complete discovery. Plaintiff and his lead counsel are both located in Colorado. Because of the distances involved, the parties believe a discovery period of at least six months is necessary. The parties believe that five depositions of fact witnesses per side will be sufficient.

9. <u>Expert Witness Disclosure</u>. The proposed dates for expert witness disclosures is reflected in the proposal scheduling order.

10. <u>Class Action Procedures</u>. Not applicable.

11. <u>Bifurcation</u>. The parties do not believe that bifurcation or management in stages is necessary.

12. <u>Date for Pretrial Conference</u>. The parties request that the pretrial conference be scheduled for August 27, 2008.

DC1 30209539.1 / 14138-000017

13. <u>Trial Date</u>.  The parties do not believe that a firm trial date should be set at the first scheduling conference.

14. <u>Other Matters</u>.  None.

|  |  |
|---|---|
| | Respectfully submitted |
| FRED LADD | Chemonics, Inc. |
| By <u>   /s/ James McCahill              </u><br>    James McCahill<br>    131 TollgateWay<br>    Falls Church, Virginia  22046<br>    jamccahill@aol.com<br><br>By <u>   /s/ David L. Kofoed              </u><br>    David L. Kofoed, Esq.<br>    The Kofoed Law Firm, LLC<br>    6841 South Yosemite<br>    Suite 3A<br>    Englewood, Colorado  80012<br><br>His Attorneys<br><br>October 10, 2007 | By <u>/s/ James M. Mesnard           </u><br>    James M. Mesnard, D.C. Bar No. 404835<br>    Seyfarth Shaw LLP<br>    815 Connecticut Avenue, N.W., Suite 500<br>    Washington, D.C.  20006<br>    Telephone - (202) 463-2400<br>    Facsimile - (202) 641-9233<br>    jmesnard@seyfarth.com<br><br>    Its Attorney |