IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRED LADD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 07-CV-01360 CKK |
| | ) | |
| v. | ) | |
| | ) | |
| CHEMONICS INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Chemonics International, Inc. ("Chemonics"), by its undersigned counsel, and pursuant to Local Rules 7(d) and 56.1, respectfully submits this reply to Plaintiff Fred Ladd's ("Ladd") statement of points and authorities in opposition to Chemonics' motion for summary judgment. Chemonics asserts that Ladd has failed to come forward with any evidence which would raise a genuine issue of material fact. Accordingly, Chemonics' motion for summary judgment should be granted.

**ARGUMENT**

**I.    PLAINTIFF HAS FAILED TO COMPLY WITH THE LOCAL RULES, AND THEREFORE, HE HAS ADMITTED CHEMONICS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

The essence of a motion for summary judgment is the moving party's assertion, supported by competent evidence, that there is no disputed issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Local Rules 7(h) and 56.1 require a party moving for summary judgment to submit a statement of material facts which that party asserts are not in dispute, with citations to the evidence relied upon. Chemonics complied fully with both local rules. Chemonics' statement of undisputed material facts spans the first eight and

one-half pages of the statement of points and authorities in support of its motion. Fourteen exhibits are attached and provide the evidentiary basis for Chemonics' motion.

In responding to Chemonics' motion, Ladd was required to submit a statement of material facts which he contends are genuinely disputed. Ladd was also required to submit the evidence supporting his contentions. Local Rule 7(h); Local Rule 56.1 Ladd completely ignored this requirement. He did not submit a statement of material facts which he contends are in dispute. The only evidence Ladd submitted was additional copies of his employment agreement and Peter Bittner's December 8, 2004 letter, both of which had already been submitted by Chemonics,[1] and an April 28, 2005 memorandum from Chemonics to Ladd concerning COBRA benefits. None of these documents even suggests that there is a disputed issue of material fact. Ladd failed to comply with the Local Rules and, therefore, the facts identified in Chemonics' statement of material facts not in dispute are admitted.

## II.  LADD'S BREACH OF CONTRACT CLAIM IS BARRED BY THE EXCLUSIVE REMEDY PROVISION OF THE DBA

Chemonics asserts that Ladd's cause of action for breach of the employment agreement is barred by the exclusive remedy provision of the Defense Base Act, 42 U.S.C. §1651(c), the applicable workers' compensation statute. The DBA is the exclusive remedy for injuries sustained by a covered employee – such as Ladd – sustained while that employee is working overseas on a public contract. *Ross v. DynCorp*, 362 F.Supp.2d 355 (D.D.C. 2005).

Ladd asserts that this is not an action to recover for personal injuries, and therefore, that this claim is not barred by the DBA.[2] This assertion is belied by the allegations in Ladd's

---

[1] Ladd failed to include the attachments to Bittner's letter which were also sent to Ladd (Exhibit 1 to Chemonics Motion for Summary Judgment, ¶¶16-18).

[2] This assertion, like virtually all of the assertions in Ladd's opposition memorandum, is not supported by any evidence.

Complaint. Ladd is attempting to recover salary that was lost because he is unable to work and he is unable to work because of his injury (Complaint, ¶¶10-11).

Ladd was paid the contractual salary while he was working in Iraq as a municipal utilities specialist. Ladd was injured on October 23, 2003 (Exhibit 3 to Chemonics' Motion for Summary Judgment at 56:22-58:24). He has not worked since October 23, 2003 because of his injuries. Ladd has not been paid his salary since October 23, 2003 because he has not worked since October 23, 2003. Ladd is attempting to recover the salary he lost because of his injuries. Such a claim is barred by the exclusive remedy provision of the DBA.[3]

Ladd asserts, without citation to any law and without any evidentiary support, that some employment contracts for professional athletes are crafted to explicitly provide for benefits and compensation for work-related injuries beyond that authorized by the applicable workers' compensation statute. That may or may not be the case. It is clear, however, that Ladd's employment contract does *not do so*. Indeed, Ladd does not cite to any provision of his employment contract that could even arguably be interpreted in such a contorted manner.[4]

The fallacy of Ladd's argument is illustrated by the fact that if it were correct, Ladd would receive a double recovery. He would receive his full salary in addition to the maximum benefits available under the DBA. That is not, however, the law. Ladd's purported breach of contract claim is barred by the exclusive remedy provision of the DBA.[5]

---

[3] Ladd has, however, received the maximum amount of compensation benefits allowed under the DBA ever since October 23, 2003 (Exhibit 10 to Chemonics' Motion for Summary Judgment).

[4] Ladd's response memorandum asserts, again without citation to the law or any evidence, that Chemonics "[s]urely . . . never contemplated that if the employee was injured in Iraq that he would only be entitled to benefits under the DBA" (Plaintiff's Opposition at 5). That is, however, exactly how workers' compensation statutes, including the DBA, function. In any event, Ladd has cited to no law or evidence to support his wild assertion.

[5] The one case cited by Ladd, *Foster v. Subsea International, Inc.*, 101 F.Supp.2d 454 (E.D. La. 1988) is not relevant to the issues before the Court. That case was an insurance coverage and indemnification action. Neither insurance coverage nor contractual indemnification are at issue in this action.

3

### III. THERE IS NO EVIDENCE THAT CHEMONICS BREACHED THE EMPLOYMENT AGREEMENT

Ladd did not respond to Chemonics' argument that, even if his purported breach of contract claim were not barred by the DBA's exclusive remedy provision, there is no evidence that Chemonics was contractually obligated to pay Ladd's salary while he was not working, on leave without pay and receiving the maximum workers' compensation benefits available under the DBA.

Ladd's opposition memorandum does not identify the contractual provision he alleges was breached. Presumably, Ladd relies on the provision that states "[t]he base salary of the employee for the first year of project work has been proposed at $131,250 per year, or a monthly rate of US $10,937.50" (Exhibit 6 to Chemonics' Motion for Summary Judgment, ¶IV). Nothing in this provision, however, suggests that Ladd would be entitled to be paid a salary when he did not work. The term salary is defined as "remuneration for services given." *Websters Third New Int'l Dictionary*, page 2003 (1971). Ladd has not worked since October 23, 2003 and, therefore, he has not provided any services for which remuneration is due.

Moreover, this provision of the Agreement prescribes a "base salary of the employee *for the first year of project work*" (Exhibit 6 to Chemonics' Motion for Summary Judgment, ¶IV) (emphasis added). The explicit language of the provision upon which Ladd apparently relies states that the salary to be paid is for "project work" performed. Ladd did not perform any work after October 23, 2003 so he is not entitled to be paid a salary after that date.

There is no disputed issue of material fact. Chemonics did not breach the employment agreement with Ladd.

IV.   **CHEMONICS IS ENTITLED TO SUMMARY JUDGMENT ON LADD'S BREACH OF CONTRACT CLAIM BECAUSE OF THE FAILURE OF CONSIDERATION**

Even if Ladd's breach of contract claim were not barred by the DBA, and even if there were some language in the employment agreement which would support the wild allegation that Ladd is entitled to be paid for work he did not perform, Chemonics would still be entitled to judgment because of the failure of consideration. *Mangaro Corp. v. Hitt Contracting, Inc.*, 193 F.Supp.2d 88, 96-98 (D.D.C. 2002). Ladd's response to this argument is that his consideration with respect to the employment agreement was simply that he agreed "to be posted to Iraq" (Plaintiff's Opposition at 8). This assertion is nonsensical.

First, Ladd does not cite to any evidence to support this assertion. Moreover, the notion that Chemonics contracted to pay Ladd $131,250 per year to go to Iraq, at Chemonics' expense, and simply occupy space is absurd.

Ladd explicitly testified that his contract with Chemonics was an agreement by Ladd to perform work for which he would paid a salary:

> Q    Was it your understanding that *this was an agreement on your part to do work, and an agreement on Chemonics' part to pay you for that work*?
>
> A    *Yes*.
>
> Q    And flipping to page 2, your base salary was $131,250 a year. All right.
>
> A    Yes. *For the first year of the project work, yes*.

Exhibit 3 at 34:3-11 (emphasis added). There is no disputed issue of material fact.

Ladd promised to work for Chemonics in Iraq as a municipal utility specialist and Chemonics agreed to pay Ladd a salary of $131,250 per year, or $10,937.50 per month, for that work. This was the mutual consideration provided for in the employment agreement. Ladd did

5

not work after October 23, 2003. Chemonics did not, therefore, receive the consideration Ladd promised after October 23, 2003. Accordingly, Chemonics was not obligated to pay Ladd's salary after October 23, 2003.

## V. LADD'S CLAIM FOR REIMBURSEMENT OF MEDICAL EXPENSES IS NOT PROPERLY BEFORE THIS COURT

Ladd apparently asserts that Chemonics' workers' compensation insurer has not paid the bill for Ladd's treatment at a military hospital in Germany. As set out more fully in Chemonics' statement of points and authorities in support of its motion for summary judgment, any such claim must be initiated before the U.S. Department of Labor's Office of Workers' Compensation Programs and pursued through the administrative adjudication system applicable to claims under the Longshore Act and its extensions. 33 U.S.C. §919(d); 20 CFR §§702.311-315; *Director, OWCP v. Newport News Shipbuilding & Dry Dock Co.*, 574 U.S. 122, 131 (1995). Ladd's opposition does not even address this argument. Ladd has, therefore, conceded this issue.

## VI. LADD CONCEDES THAT HE BREACHED THE EMPLOYMENT AGREEMENT

Chemonics also moved for summary judgment on its counterclaim against Ladd for initiating this action in Colorado in clear violation of the provision of the employment agreement requiring that any civil action to enforce the agreement be brought in the District of Columbia. Ladd concedes that he violated this provision. Accordingly, judgment should be entered in Chemonics favor in the amount of $32,812.50.

## CONCLUSION

Chemonics' motion for summary judgment should be granted. Judgment should be entered in Chemonics' favor with respect to Ladd's Complaint and the Complaint should be

dismissed, with prejudice. Summary judgment should be entered in Chemonics' favor on its counterclaim and judgment should be entered against Ladd in the amount of $32,812.50.[6]

        Respectfully submitted,

        CHEMONICS INTERNATIONAL, INC.

        By /s/ James M. Mesnard
           James M. Mesnard, D.C. Bar No. 404835
           Seyfarth Shaw LLP
           815 Connecticut Avenue, N.W., Suite 500
           Washington, D.C. 20006
           Telephone - (202) 463-2400
           Facsimile - (202) 641-9233
           jmesnard@seyfarth.com

        Its Attorney

Dated: August 28, 2008

---

[6] Chemonics notes that Ladd did not file any opposition to Chemonics motion for summary judgment on Ladd's allegations that Chemonics is obligated to pay his COBRA premiums and life insurance or his allegation that Chemonics committed the tort of intentional infliction of emotional distress. Ladd has, therefore, conceded that Chemonics is entitled to summary judgment on these claims.

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Statement of Points and Authorities in Opposition to Plaintiff's Motion For Partial Summary Judgment was served via ECF this 28th day of August, 2008, upon the following:

> James McCahill
> 131 TollgateWay
> Falls Church, Virginia  22046
>
> David L. Kofoed, Esq.
> The Kofoed Law Firm, LLC
> 6841 South Yosemite
> Suite 3A
> Englewood, Colorado  80012

        ___/s/ James M. Mesnard_____
        James Mesnard