IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRED LADD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 07-CV-01360 CKK |
| | ) | |
| v. | ) | |
| | ) | |
| CHEMONICS INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S STATEMENT OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO RE-BRIEF SUMMARY JUDGMENT MOTIONS**

Defendant, Chemonics International, Inc. ("Chemonics"), by its undersigned counsel, and pursuant to Local Rule 7(b), respectfully submits this statement of points and authorities in opposition to Plaintiff Fred Ladd's motion for leave to re-open the summary judgment briefing schedule – after both sides have submitted and fully briefed summary judgment motions. Chemonics asserts that Ladd's motion should be denied and states:

1. Local Rules 7(h) and 56.1 require that summary judgment motions be accompanied by a statement of material facts not in dispute, supported by evidence in the record. The party opposing summary judgment must file a statement of material facts that the party contends are genuinely disputed, supported by evidence in the record.

2. A status conference was held by the Court on May 28, 2008. Ladd's counsel, David Kofoed, had moved for and was granted leave to attend the status conference by telephone. When the Court called Mr. Kofoed's office, however, no one answered the phone. Thus, Mr. Kofoed did not attend the May 28, 2008 status conference.

3. During the course of the status conference, the Court instructed the parties to insure that responses to summary judgment motions responded to statements of material fact not

in dispute paragraph by numbered paragraph. If Ladd's counsel had attended the status conference he would have known he was required to submit a statement of material facts not in dispute. Again, however, Mr. Kofoed was absent.

4. Ladd's motion for partial summary judgment was filed on May 29, 2008 but did not include a statement of material facts not in dispute.

5. Chemonics' responded to Ladd's motion on June 27, 2008. On page one of its statement of points and authorities in opposition to Ladd's motion, Chemonics stated:

> Ladd's memorandum in support of his motion for summary judgment does not include a clearly delineated statement of material facts that he contends are not in dispute as required by Local Rule 7(h) and 56.1. The first four and one-half pages of Ladd's memorandum are more in the nature of a preamble with factual assertions, some of which are not supported by any citation to evidence, mixed with legal argument. Ladd's preamble clearly does not satisfy the Local Rules' requirements for a statement of material facts not in dispute.

Chemonics explicitly told Ladd on June 27, 2008 that he was in violation of the Local Rules.

6. Also on June 27, 2008, Chemonics filed its own motion for summary judgment, including a fully supported statement of material facts Chemonics contends are not in dispute.

7. Even if Ladd's counsel failed to read the Local Rules, even a cursory review of Chemonics' filings on June 27, 2008 would have put counsel on notice that Plaintiff was not in compliance with the Local Rules.

8. Now, after both sides' motions are fully briefed, Ladd moves for leave to file a statement of material facts which he contends are not in support in support of his May 29, 2008 motion for partial summary judgment. If granted, this will require that Chemonics be given a chance to respond and will, in effect, cause a completely new round of briefs concerning Ladd's motion for partial summary judgment.

2

9. Additionally, Ladd moves for leave to file a statement of material facts he contends are in dispute in response to Chemonics dispositive motion. If Ladd's motion is granted, Chemonics will then need to file another reply.

10. Without saying so, Ladd is requesting leave to re-open the briefing schedule for dispositive motions.

11. This will delay resolution of this case and inflict additional, and unnecessary, expense and litigation costs on Chemonics.

12. Ladd's motion to reopen the summary judgment briefing schedule should be denied. Alternatively, Ladd should be ordered to pay Chemonics' attorneys' fees and costs associated with re-briefing summary judgment motions.

        Respectfully submitted,

        CHEMONICS INTERNATIONAL, INC.

        By /s/ James M. Mesnard
          James M. Mesnard, D.C. Bar No. 404835
          Seyfarth Shaw LLP
          815 Connecticut Avenue, N.W., Suite 500
          Washington, D.C. 20006
          Telephone - (202) 463-2400
          Facsimile - (202) 641-9233
          jmesnard@seyfarth.com

        Its Attorney

Dated: September 3, 2008

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Statement of Points and Authorities In Opposition to Plaintiff's Motion For Leave to Re-Brief Summary Judgment Motions was served via ECF this 3rd day of September, 2008, upon the following:

> James McCahill
> 131 TollgateWay
> Falls Church, Virginia  22046
>
> David L. Kofoed, Esq.
> The Kofoed Law Firm, LLC
> 6841 South Yosemite
> Suite 3A
> Englewood, Colorado  80012

                                        ___/s/ James M. Mesnard_____
                                        James Mesnard

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRED LADD, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.:  07-CV-01360 CKK |
| ) | |
| v. ) | |
| ) | |
| CHEMONICS INTERNATIONAL, INC., ) | |
| ) | |
| Defendant. ) | |

### ORDER

Upon consideration of Plaintiff Fred Ladd's motion for leave to submit a statement of material facts he contends are not in dispute in support of his motion for partial summary judgment and a statement of material facts which he contends are in dispute in response to Chemonics' motion for summary judgment, and the supporting and opposing memoranda of points and authorities, is hereby ORDERED, this ___ day of September, 2008, that Plaintiff's motion is DENIED.

_____
Colleen Kollar-Kotelly
United States District Judge

DC1 30237643.1 / 14138-000017