UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRED LADD,<br><br>    Plaintiff,<br><br>    v.<br><br>CHEMONICS, INC.,<br><br>    Defendant. | Civil Action No. 07-1360 (CKK) |

**ORDER**
(September 4, 2008)

Currently pending before the Court is Plaintiff's [35] Motion for Leave to Supplement his Motion for Summary Judgment and Response to Defendant's Motion for Summary Judgment by Submitting a Statement of Material Facts Which Plaintiff Claims Are Not in Dispute Regarding His Motion for Summary Judgment and the Statement of Material Facts Which Plaintiff Contends Are in Dispute Regarding Defendant's Motion for Summary Judgment. Defendant opposes Plaintiff's Motion.

In considering Plaintiff's Motion, the Court briefly sets out the tortured history of Plaintiff's counsel's appearance in this case. This case was transferred to this Court from the United States District Court for the District of Colorado on July 26, 2007, at which point Plaintiff was proceeding *pro se*. On August 22, 2007, Plaintiff filed a motion requesting that his Colorado counsel be given leave to participate pending that counsel's admission to practice *pro hac vice*. Directing Plaintiff to the Local Civil Rules regarding participation by attorneys not admitted to practice in this Court, the Court denied Plaintiff's motion for leave to participate, and instructed

1

that Plaintiff's Colorado counsel would be required to follow the procedures set forth in the Local Civil Rules to be admitted *pro hac vice*. *See* Docket No. [6]. Local counsel subsequently entered an appearance on Plaintiff's behalf, and submitted a motion for leave for Plaintiff's Colorado counsel to participate in this case *pro hac vice*. In support of that motion, Plaintiff's Colorado counsel submitted a sworn and notarized affidavit, in which, *inter alia*, he stated:

> I have reviewed Local Civil Rule 83.2(c), LCvr 83.2(c) and Local Civil Rule 83.2(d) LCvr 83.2(d). Pursuant to those rules I have retained local counsel to assist in the representation in this case, and I agree that local counsel will sign all pleadings or other papers and participate meaningfully in the preparation and trial of the case or proceedings to the extent required by the Court.

*See* Docket No. [10-2]. Based largely upon that representation, the Court granted Plaintiff's Colorado counsel's motion for leave to appear *pro hac vice*. *See* 9/21/07 Minute Order.

On October 15, 2007, the Court held an initial scheduling conference in this matter, at which Plaintiff's Colorado counsel appeared telephonically by leave of Court. *See* 10/10/07 Minute Order. Following that conference, the Court issued a discovery Scheduling Order, which set an outside discovery deadline of April 14, 2008. *See* Docket No. [15]. The Court's Scheduling Order also described a number of the Court's general practices and, in particular, explicitly advised the parties and counsel with respect to motions for summary judgment that:

> The parties shall comply **fully** with Local Rule LCvR 7(h) (formerly 7.1(h)) and 56.1. The Court strictly adheres to the dictates of Local Civil Rules 7(h) and 56.1 and may strike pleadings not in conformity with these rules. *See Burke v. Gould*, 286 F.3d 513, 519 (D.C. Cir. 2002).
>
> A party responding to a statement of material facts must respond to each paragraph with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied. The responding party should include any information relevant to its response in that paragraph. If the responding party has additional facts that are not addressed in the corresponding paragraphs, the responding party should include these at the end of its responsive statement of

      facts. At all points, parties must furnish precise citations to the portions of the record on which they rely.

      Additionally, each submission must be accompanied by a table of cases and other authority cited therein. The parties are strongly encouraged to carefully review *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et. al.*, 101 F.3d 145 (D.C. Cir. 1996), on the subject of Local Rule LCvR 7, formerly Rule 108(h) (which is the same as rule 56.1). The Court assumes facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion. LCvR 7(h), 56.1.

*See* Docket No. [15] at 4-5. That Scheduling Order also reiterated the Court's oral instruction during the initial scheduling conference that it would set a schedule for dispositive motions *after* the completion of discovery. *Id.* at 7.

      Notwithstanding those instructions, on March 4, 2008–prior to the close of discovery–Plaintiff's Colorado counsel filed a motion for partial summary judgment. The Court denied that motion without prejudice the same day, noting that it was filed in contravention of the Court's instructions and therefore premature. *See* 3/4/08 Minute Order. On May 7, 2008, the Court issued a Minute Order resetting a previously scheduled post-discovery status conference in this case for May 28, 2008. *See* 5/7/08 Minute Order. On May 9, 2008, again prior to the post-discovery status conference, Plaintiff's Colorado counsel attempted to refile Plaintiff's motion for partial summary judgment; however, the Court again denied that motion without prejudice in light of the fact that no post-discovery status conference had been held and Plaintiff's motion was therefore premature. *See* 5/16/08 Minute Order.

      The Court held a post-discovery status conference in this case on May 28, 2008. During that status conference, the Court set a schedule for the briefing of dispositive motions and reiterated its previous instructions on compliance with the Local Civil Rules regarding motions

for summary judgment. Plaintiff's counsel, however, were not present to hear that warning because, as the Court explained in its Order documenting the status conference:

> Plaintiff's counsel (both local and lead counsel) failed to appear for the re-scheduled Status Conference on May 28, 2008. Defendant's counsel did appear. Although Plaintiff's counsel had moved previously to participate in Court conferences telephonically, Plaintiff's counsel did not file a motion to participate in the May 28, 2008 Status Conference telephonically. Nevertheless, the Court attempted to contact Plaintiff's lead counsel by telephone but there was no answer. The Court therefore held the Status Conference, as scheduled, and set a briefing schedule for dispositive motions.

Docket No. [26] at 1. Significantly, the Court's written Order also repeated, *verbatim*, the Court's instruction in its previous Scheduling Order regarding compliance with the Local Civil Rules regarding motions for summary judgment. *See id.* at 2-3.

Despite these numerous warnings, and despite Plaintiff's Colorado counsel's having sworn familiarity with the Local Civil Rules, Plaintiff's motion for partial summary judgment, filed May 29, 2008, does not include a statement of material facts not in dispute. *See* Docket No. [27]. Defendant responded to Plaintiff's motion on June 27, 2008, filing both a Cross-Motion for Summary Judgment and an Opposition to Plaintiff's motion. *See* Docket Nos. [28], [29]. The first page of Defendant's Opposition explicitly noted that Plaintiff's "memorandum in support of his motion for summary judgment does not include a clearly delineated statement of material facts that he contends are not in dispute as required by Local Rule 7(h) and 56.1." *See* Docket No. [29] at 1. Defendant continued to note that "[t]he first four and one-half pages of [Plaintiff's] memorandum are more in the nature of a preamble with factual assertions, some of which are not supported by any citation to evidence, mixed with legal argument," and thus not in compliance with Local Civil Rules 7(h) and 56.1. *Id.* at 1-2. Nevertheless, Defendant attempted

to respond to the factual assertions included in Plaintiff's memorandum. *Id.* at 2-5. Significantly, Defendant explained that it "agree[d] that the material facts bearing on [Plaintiff's] motion for partial summary judgment are not disputed," but believed that Plaintiff's motion omitted a number of undisputed material facts relevant to Defendant's cross-motion for summary judgment, which it included in a separate statement of material facts submitted in support of that cross-motion. *Id.* at 1; Docket No. [28] at 2-8.

Defendant's responses to Plaintiff's motion for partial summary judgment thus clearly placed Plaintiff's counsel on notice that the failure to submit a statement of material facts constituted a violation of the Local Civil Rules. Nevertheless, Plaintiff's Combined Response to Defendant's Motion for Summary Judgment and Reply in support of his own motion for partial summary judgment neither specifically responded to Defendant's factual assertions, as required by the Local Civil Rules and this Court's repeated orders, nor attempted to belatedly proffer a statement of material facts in support of Plaintiff's own motion for partial summary judgment. *See* Docket No. [32]. Defendant filed its Reply in support of its cross-motion on August 28, 2008.

On September 2, 2008, Plaintiff filed a motion for leave to *very belatedly* file a statement of material facts in support of his cross-motion and a statement responding to Defendant's statement of material facts in support of its cross-motion. *See* Docket No. [25]. In that motion, Plaintiff's Colorado counsel "apologizes for not having [previously provided those statements], as he was not familiar with those Local Rules." *Id.* at 1-2. Plaintiff's Colorado counsel attempts to excuse this flagrant omission by explaining that he practices in a variety of federal jurisdictions and "inadvertently overlooked the specific Local Rules in question for this Court."

5

*Id.* at 2.  This excuse is altogether unavailing because, as Plaintiff's Colorado counsel correctly acknowledges, "it is his job to distinguish between the local rules of all jurisdictions if admitted to practice in those jurisdictions."  *Id.*  That is particularly the case here, where Plaintiff's Colorado counsel swore his familiarity with the Local Civil Rules in support of his motion for admission *pro hac vice*.  Further, even having recognized his glaring oversight, Plaintiff's Colorado counsel does not indicate that he has prepared statements of material facts.  Instead, Plaintiff's Colorado counsel requests leave of ten days from the date of the Court's order granting his motion in which to file his statements of material facts.  *Id.*

Plaintiff's lead counsel's behavior is simply inexcusable.  From his earliest participation in this case he has shown repeated disregard for this Court's orders, and now has demonstrated that–despite his sworn statement to the contrary–he lacks familiarity with the Local Civil Rules.  Accordingly, on a going forward basis, the Court shall require local counsel to appear at every scheduled Court appearance and to carefully review all filings submitted by Colorado counsel in order to ensure compliance with the Local Civil Rules and this Court's orders.  Further, the Court shall not grant Plaintiff's Colorado counsel the complete relief he seeks.  As noted above, Defendant's Opposition to Plaintiff's motion for partial summary judgment "agree[d] that the material facts bearing on [Plaintiff's] motion for partial summary judgment are not disputed," and specifically responded to the factual assertions included in Plaintiff's memorandum to the best of Defendant's ability.  *See* Docket No. [29] at 1-8.  As the facts regarding Plaintiff's motion for partial summary judgment are not disputed, the Court sees no need to allow Plaintiff to file an extraordinarily belated statement of material facts in support of his motion at this late date.

With respect to the facts underlying Defendant's motion for summary judgment,

however, the Court does require that Plaintiff respond to Defendant's factual assertions. Accordingly, the Court shall grant Plaintiff leave to file a statement responding to Defendant's statement of material facts, within five days of this Order (as opposed to within the ten that Plaintiff's Colorado counsel requested), i.e., no later than September 11, 2008. The Court shall not grant any extensions of this deadline. Further, because Plaintiff's response to Defendant's motion for summary judgment should include a discussion of the facts at issue in Defendant's statement of material facts, the Court shall strike Plaintiff's [32] Response/Reply and require Plaintiff to revise that pleading so as to appropriately cite to Defendant's statement and/or his own responsive statement. In turn, to the extent that Defendant determines that Plaintiff's revision requires Defendant to revise its own Reply in support of its motion for summary judgment, the Court shall allow Defendant to file such a revised Reply, as set forth below.

Finally, the Court notes that Defendant's counsel has strictly complied with the Local Civil Rules and, as discussed above, made a concerted (but ignored) effort to advise Plaintiff's counsel of his failure to do so. As it would therefore be inequitable to require Defendant to expend additional costs and attorney's fees on filing any revised Reply, the Court shall require Plaintiff's Colorado counsel to pay **ALL** costs and attorney's fees Defendant may incur in the event that it determines to file a revised Reply.

Accordingly, it is this 4th day of September, 2008, hereby

**ORDERED** that Plaintiff's [35] Motion for Leave to File belated statements of material fact is GRANTED-IN-PART and DENIED-IN-PART; it is further

**ORDERED** that Plaintiff shall not file a statement of material facts in support of his own motion for partial summary judgment; it is further

**ORDERED** that Plaintiff's [32] Combined Response to Defendant's Motion for Summary Judgment and Reply in support of his own motion for partial summary judgment is hereby STRICKEN; it is further

**ORDERED** that, on or before September 11, 2008, Plaintiff shall file a response to Defendant's statement of material facts, along with a revised Response/Reply that appropriately cites to Defendant's statement and Plaintiff's responsive statement. There will be **NO EXTENSIONS** to this deadline; it is further

**ORDERED** that, in the event Defendant finds it necessary to do so in light of Plaintiff's revision, Defendant may file a revised Reply in support of its motion for summary judgment on or before September 26, 2008; it is further

**ORDERED** that, in the event that Defendant files a revised Reply, Plaintiff's Colorado counsel–and not Plaintiff himself–shall be required to pay **ALL** costs and attorney's fees incurred by Defendant in connection with its revised Reply. Accordingly, along with any revised Reply, defense counsel shall submit a detailed affidavit setting forth all fees and costs incurred in connection with that revised Reply; it is further

**ORDERED** that Plaintiff's local counsel shall appear at all future scheduled Court appearances, and shall carefully review all filings prepared by Plaintiff's Colorado counsel in order to ensure strict compliance with the Local Civil Rules and this Court's orders.

**SO ORDERED**.

                                                           /s/
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge